ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Law Corporation
Scott K. Dauscher      State Bar No. 204105
    SDauscher@aalrr.com
Amber S. Healy      State Bar No. 232730
    AHealy@aalrr.com
Brian M. Wheeler      State Bar No. 266661
    BWheeler@aalrr.com
Shawn M. Ogle      State Bar No. 266259
    SOgle@aalrr.com
April L. Szabo      State Bar No. 261576
    April.Szabo@aalrr.com
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone: (562) 653-3200
Fax: (562) 653-3333

Attorneys for Defendant and Counter-Claimant Paul Croghan

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SNAP! MOBILE, INC., a Delaware corporation,<br><br>           Plaintiff,<br><br>v.<br><br>PAUL CROGHAN, an individual,<br><br>           Defendant. | Case No.      5:18-cv-04686-LHK<br><br>**OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES AND DISMISS COUNTERCLAIMS**<br><br>Judge:      Hon. Lucy H. Koh<br>Date:      February 14, 2019<br>Time:      1:30 pm<br>Dept.:      Courtroom 8, 4th Floor |
| PAUL CROGHAN, an individual,<br><br>           Counter-Claimant,<br><br>v.<br><br>SNAP! MOBILE, INC., a Delaware corporation,<br><br>           Counter-Defendant. | Complaint Filed:     August 3, 2018<br>Trial Date:     None Set |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ......................................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 1

ARGUMENT ................................................................................................................................. 3

I.     THE COURT SHOULD DENY PLAINTIFF'S MOTION TO STRIKE
CROGHAN'S AFFIRMATIVE DEFENSES ....................................................................... 3

    A.     Motions to Strike Pleadings are Disfavored. ............................................................. 3

    B.     The Challenged Denial Complies With Rule 8(b)(3)................................................. 4

    C.     An "Affirmative Defense" That Negates An Element of Plaintiff's Claim
Should Not Be Stricken, But Rather Should Be Construed As A Denial. .................. 5

    D.     Certain Issues Are Affirmative Defenses To Some Claims While These Same
Issues Are Elements Of Other Claims....................................................................... 5

    E.     Failure to Mitigate Damages Has Been Properly Pled.............................................. 6

    F.     Croghan's Affirmative Defense Based on Comparative Fault Plausibly Applies
To The Claims At Issue. ............................................................................................. 7

    G.     The Defense Of Consent Plausibly Applies To Certain Claims At Issue. ................. 8

    H.     Offset Is An Affirmative Defense. ............................................................................. 8

    I.     Waiver, Relinquishment, Abandonment, And Estoppel Plausibly Apply To
The Claims At Issue. .................................................................................................. 9

    J.     Spoliation Of Evidence Plausibly Applies To The Claims At Issue......................... 10

    K.     Unjust Enrichment Is An Affirmative Defense........................................................ 10

    L.     Failure To Perform Plausibly Applies To The Claims At Issue. .............................. 11

    M.     Excuse Plausibly Applies To The Claims At Issue.................................................. 12

    N.     Unclean Hands Plausibly Applies To The Claims At Issue. .................................... 12

    O.     The Affirmative Defense Of Contractual Bar Applies............................................. 13

    P.     Invalidity And Unenforceability Has Been Plausibly Pled. .................................... 14

    Q.     Non-Fiduciary Employees Owe No Duty Of Loyalty To Their Employers. ........... 15

    R.     Without Permission Is An Element Of Snap's Penal Code § 502 Claim................. 15

II.    THE COURT SHOULD DENY PLAINTIFF'S MOTION TO DISMISS THE
COUNTERCLAIMS................................................................................................... 16

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**TABLE OF CONTENTS**
**(CONTINUED)**

Page

A.   Croghan's Pleading Gives Snap Fair Notice of His Claims and States Plausible Grounds for Relief. ................................................................................................ 16

B.   Croghan Has Adequately Pled a Claim for Unreimbursed Business Expenses Pursuant to Cal. Labor Code Section 2802. ............................................................ 17

C.   Croghan Has Adequately Pled Claims for Missed Meal and Rest Periods Pursuant to Cal. Labor Code Sections 226.7 and 512 and IWC Wage Order 4. ....... 19

D.   Croghan Has Adequately and Plausibly Pled His Claims for Failure to Pay Minimum Wage and Overtime. ............................................................................. 20

E.   Croghan Has Adequately Pled A Derivative Claim for Waiting Time Penalties Pursuant to Cal. Labor Code Sections 201-203. .................................................... 21

F.   Croghan Has Adequately Pled A Claim for Interference With His Leave of Absence Rights. .................................................................................................. 22

G.   Croghan Has Adequately Pled a Claim for Unfair Competition. ............................ 24

CONCLUSION ................................................................................................................ 25

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

016297.00010
21943288.2

**FEDERAL CASES**

Acculmage Diagnostics Corp. v. Terarecon, Inc.
    260 F. Supp. 2d 941 (N.D. Cal. 2003) ...............................................................8

Adler v. Fed. Republic of Nigeria
    219 F.3d 869 (9th Cir. 2000)............................................................................13

Ambriz v. Coca Cola Co.
    2013 WL 5947010 (N.D. Cal. Nov. 5, 2013)................................................19,20

Ansari v. Elec. Document Processing, Inc.
    2012 WL 3945482 (N.D. Cal. Sept. 10, 2012) ..................................................7

Arredondo v. Delano Farms Co.
    301 F.R.D. 493 (E.D. Cal. 2014) .....................................................................19

Artec Group, Inc. v. Klimov
    2017 WL 5625934 (N.D. Cal. Nov. 22, 2017)...................................................14

Arthur J. Gallagher & Co. v. Lang
    2014 WL 4354670 (N.D. Cal. Sept. 2, 2014) ...................................................17

Ashcroft v. Iqbal
    556 U.S. 662 (2009).....................................................................................16,17

Bell Atlantic Corp. v. Twombly
    550 U.S. 544 (2007).........................................................................................16

BNSF Ry. Co. v. San Joaquin Valley R. Co.
    2011 WL 3328398 (E.D. Cal. 2011).................................................................13

Byrne v. Avon Prods., Inc.
    328 F.3d 379 (7th Cir. 2003)............................................................................24

Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,
    637 F.3d 1047, 1054 (9th Cir. 2011).................................................................16

Caltex Plastics, Inc. v. Lockheed Martin Corp.
    824 F3d 1156 (9th Cir. 2016)...........................................................................16

Dawson v. Hitco Carbon Composites, Inc.
    2017 WL 7806358 (C.D. Cal. May 5, 2017) .....................................................17

Dawson v. Hitco Carbon Composites, Inc.
    2017 WL 7806561 (C.D. Cal. Aug. 3, 2017).....................................................22

Erickson v. Pardus
    551 U.S. 89 (2007)...........................................................................................16

Etienne v. Wal-Mart Stores, Inc.
    197 F.R.D. 217, 220-21 (D. Conn. 2000) .....................................................15,16

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

016297.00010
21943288.2

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Pages**

F.D.I.C. v. Straub
  2012 WL 1965621 (N.D. Cal. May 31, 2012) ................................................................7

FNBN Rescon I, LLC v. Citrus El Dorado, LLC
  725 Fed. Appx. 448 (9th Cir. 2018) ...........................................................................12

Frontline Med. Assocs., Inc. v. Coventry Health Care
  263 F.R.D. 567 (C.D. Cal. 2009) ..................................................................................6

Gilmore v. Liberty Life Ass. Co. of Boston
  2013 WL 12147724 (N.D. Cal. Apr. 19, 2013) ............................................................5

HiRel Connectors, Inc. v. United States
  2006 WL 3618011 (C.D. Cal. Jan. 25, 2006) ...............................................................9

Horton v. NeoStrata Co., Inc.
  20172721977 (S.D. Cal. June 22, 2017) ....................................................................6,7

Infor Global Solutions, Inc. v. St. Paul Fire and Marine Ins. Co.
  2009 WL 5909255 (N.D. Cal. Oct. 21, 2009)..........................................................10,13

Jacobson v. Persolve, LLC
  2014 WL 4090809 (N.D. Cal. Aug. 19, 2014) ...........................................................4,8

JL Audio Inc. v. Saif
  2017 WL 4923191 (E.D. Cal. Oct. 31, 2017) .............................................................4,5

Kent v. Microsoft Corp.
  2013 WL 3353875 (C.D. Cal. July 1, 2013) .................................................................8

Kirkpatrick v. County of Washoe
  792 F.3d 1184 (9th Cir. 2015)....................................................................................16

Kozlowski v. Stroomberg
  2014 WL 1329889 (E.D. Cal. Mar. 28, 2014) ...........................................................12

Kuang Xuan Liu v. Win Woo Trading
  LLC, 2014 WL 7140514 (N.D. Cal. Dec. 12, 2014) ...................................................11

Landers v. Quality Commc'ns, Inc.
  771 F.3d 638 (9th Cir. 2014), as amended (Jan. 26, 2015)....................................20,21

Mary Kay, Inc. v. Dunlap
  2012 WL 2358082 (N.D. Texas June 21, 2012) ...........................................................4

Mattel, Inc. v. MGA Entm't
  2011 WL 8427611 (C.D. Cal. Mar. 28, 2011) ...........................................................15

Mattel, Inc. v. MGA Entm't, Inc.
  782 F. Supp. 2d 911 (C.D. Cal. 2011) .........................................................................7

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Opposition To Motion To Strike Affirmative Defenses And Dismiss Counterclaims
Case No. 5:18-cv-04686-LHK

016297.00010
21943288.2

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Pages**

Meggitt, Inc. v. Yongzhong
  2015 WL 12743862 (C.D. Cal. Feb. 12, 2015)...................................................4,13

Moore v. Kayport Package Exp., Inc.
  885 F.2d 531 (9th Cir. 1989)........................................................................23,24

Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.
  723 F.3d 192 (2d Cir. 2013)...........................................................................20,21

Nat. Union Fire Ins. Co. of Pittsburgh, PA v. Seagate Tech., Inc.
  2005 WL 756599 (N.D. Cal. Apr. 4, 2005) ...................................................11

Nomadix, Inc. v. Guest-Tek Interactive Entertainment LTD
  2017 WL 7275391 (C.D. Cal. Nov. 30, 2017)................................................6,7

O'Connor v. Uber Techs., Inc.
  58 F. Supp. 3d 989 (N.D. Cal. 2014) ............................................................25

Pena v. Taylor Farms Pacific, Inc.
  2013 WL 5703505 (E.D. Cal., Oct. 15, 2013) ...............................................22

Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.
  946 F. Supp. 2d 957 (N.D. Cal. 2013) ..........................................................13

Platte Anchor Bolt, Inc. v. IHI, Inc.
  352 F. Supp. 2d 1048 (N.D. Cal. 2004) .........................................................4

Prods. And Ventures Int'l v. Axus Stationary Ltd.
  2017 WL 1330598 (N.D. Cal. Apr. 11, 2017) ...............................................6

Rahman v. San Diego Accounts Service
  2017 WL 1387206 (S.D. Cal. Apr. 17, 2017) ................................................8

Ricaldai v. U.S. Investigations Servs., LLC
  878 F. Supp. 2d 1038 (C.D. Cal. 2012) .........................................................20

Ridgeway v. Wal-Mart Stores Inc.
  2017 WL 363214 (N.D. Cal. 2017)................................................................25

Rosen v. Masterpiece Marketing Group, LLC
  222 F. Supp. 3d 793 (C.D. Cal. 2016) ..........................................................7,8

Saenz v. Harlingen Med. Ctr., L.P.
  613 F.3d 576 (5th Cir. 2010)..........................................................................24

Schmidt v. Pentair, Inc.
  2010 WL 4607412 (N.D. Cal. Nov. 4, 2010)................................................10

Silvas v. E*Trade Mortg. Corp.
  514 F.3d 1001 (9th Cir. 2008).......................................................................16

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Opposition To Motion To Strike Affirmative Defenses And Dismiss Counterclaims
Case No. 5:18-cv-04686-LHK

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Pages**

SkinMedica, Inc. v. Histogen Inc.
   869 F. Supp. 2d 1176 (S.D. Cal. 2012) ...................................................................9

Smith v. Wal-Mart Stores
   2006 WL 2711468 (N.D. Cal. Sept. 20, 2006) .....................................................5,15

Starr v. Baca
   652 F.3d 1202 (9th Cir. 2011) ...............................................................................16

Strom v. United States
   641 F3d 1051 (9th Cir. 2011)..................................................................................16

SuperMedia LLC v. Law Firm of Asherson
   2013 WL 12114831 (C.D. Cal. Mar. 6, 2003) ........................................................8

Tan v. GrubHub, Inc.
   171 F. Supp. 3d 998 (N.D. Cal. 2016) ................................................................18,25

Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co., Inc.
   520 F. Supp. 2d 1184 (C.D. Cal. 2007) .................................................................10

United States ex rel. Vatan v. QTC Med. Servs., Inc.
   721 F. App'x 662 (9th Cir. 2018) ...........................................................................23

United Tactical Sys., LLC v. Real Action Paintball, Inc.
   143 F. Supp. 3d 982 (N.D. Cal. 2015) .....................................................................5

Varese v. Clatsop Behavioral Healthcare
   2018 WL 1513271 (D. Or. 2018)............................................................................24

Villarreal v. County of Monterey
   254 F. Supp. 3d 1168 (N.D. Cal. 2017) .................................................................3,4

Youngevity Int'l v. Smith
   2018 WL 4691271 (S.D. Cal. Sept. 28, 2018) .......................................................15

**STATE CASES**

AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc., et al.
   — Cal. Rptr. 3d — 2018 WL 5669154 (Nov. 1, 2018) ..........................................13

Armendariz v. Foundation Health Psychcare Servs., Inc.
   24 Cal. 4th 83 (2000) ...............................................................................................14

Bradley v. Networkers Int'l, LLC
   211 Cal. App. 4th 1129 (2012) ...............................................................................20

Cortez v. Purolator Air Filtration Prods. Co.
   23 Cal.4th 163 (2000) .............................................................................................25

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Opposition To Motion To Strike Affirmative Defenses And Dismiss Counterclaims
Case No. 5:18-cv-04686-LHK

016297.00010
21943288.2

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Pages**

Dynamex Operations W. v. Superior Court
    4 Cal. 5th 903 (2018) .................................................................................11

Enea v. Superior Court
    132 Cal. App. 4th 1559 (2005) ...............................................................9

Mamou v. Trendwest Resorts, Inc.
    165 Cal. App. 4th 686 (2008) .................................................................15

Masonite Corp. v. County of Mendocino Air Quality Management Dist.
    42 Cal. App. 4th 436 (1996) ...................................................................9

McDonald v. Filice
    252 Cal. App. 2d 613 (1967) ..................................................................12

Morillion v. Royal Packing Co.
    22 Cal.4th 575 (2000) .............................................................................19

Pineda v. Bank of Am.
    50 Cal.4th 1389 (2010) ...........................................................................22

Sandquist v. Lebo Automotive, Inc.
    1 Cal. 5th 233 (2016) .............................................................................11

Schaeffer Land Trust v. San Jose City Council
    215 Cal. App. 3d 612 (1989) ..................................................................12

Space Props., Inc. v. Tool Research Co.
    203 Cal. App. 2d 819 (1962)..................................................................10

Sullivan v. Oracle Corp.
    51 Cal. 4th 1191 (2011) ..........................................................................25

Vacco Indus., Inc. v. Van Den Berg
    5 Cal. App. 4th 34 (1992) .......................................................................9

**FEDERAL CODES/STATUTES**

2 CCR § 11087(d) ..............................................................................................23

29 CFR § 825.110(a) ..........................................................................................23

29 CFR § 825.111(a)(2) ......................................................................................23

29 CFR § 825.111(c) ...........................................................................................23

18 U.S.C. § 1835 ..................................................................................................9

18 U.S.C. § 1839 (5)(B) ......................................................................................8

N.D. Cal. Civil L.R. 7.4 (a)(5) ...........................................................................12

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Opposition To Motion To Strike Affirmative Defenses And Dismiss Counterclaims
Case No. 5:18-cv-04686-LHK

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Pages**

Family and Medical Leave Act (29 U.S.C. § 2611(4)(A)(i)) .......................................23

Fed. R. Civ. P. 8 ..........................................................................................................16

Fed. R. Civ. P. 8(b)(3) ................................................................................................4,5

Fed. R. Civ. P. 9 ..........................................................................................................23

Fed. R. Civ. P. 9(b) .....................................................................................................23

Fed. R. Civ. P. 12(b)(6) ...........................................................................................16,21

Fed. R. Civ. P. 26(a) ...................................................................................................6,7

**STATE CODES/STATUTES**

Business & Professions Code § 17200 ....................................................................24,25

Cal. Bus. & Prof. Code § 16600 ..................................................................................14

Cal. Civ. Code § 3426.1(b) ............................................................................................8

Cal. Civ. Code § 3515 ....................................................................................................8

Cal. Govt. Code § 12945.2(b) ......................................................................................23

Cal. Labor Code §§ 201-203 .....................................................................................21,22

Cal. Labor Code § 226.7 ...............................................................................................19

Cal. Labor Code § 351 ..................................................................................................25

Cal. Labor Code § 510 ..................................................................................................25

Cal. Labor Code § 512 ..................................................................................................19

Cal. Labor Code § 1174(d) ...........................................................................................21

Cal. Labor Code § 1194 ................................................................................................25

Cal. Labor Code § 2802 .............................................................................................17,18

Cal. Penal Code § 502 ..............................................................................................3,15,16

Cal. Penal Code § 502(h) ..............................................................................................16

California Family Rights Act .........................................................................................23

California Uniform Trade Secrets Act .......................................................................3,8,9

IWC Wage Order 4 .......................................................................................................19

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**TABLE OF AUTHORITIES**
**(CONTINUED)**

<u>**Pages**</u>

IWC Wage Order 4, §§ 11-12 ............................................................................................... 19

**OTHER AUTHORITIES**

Gaab & Reese, California Practice Guide: Civil Procedure Before Trial Claims &
  Defenses, Chapter 3(V)-C (The Rutter Group 2018) ¶¶ 3:575-3:578 ........................... 9

Gaab & Reese, California Practice Guide: Civil Procedure Before Trial Claims &
  Defenses, Chapter 10(II)-C, Intellectual Property (The Rutter Group 2018) ¶
  10:350 ............................................................................................................................ 9

5 Wright & Miller, <u>Fed. Prac. and Proc.</u> § 1269 (2d ed. 1990) ..................................... 5,15

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Opposition To Motion To Strike Affirmative Defenses And Dismiss Counterclaims
Case No. 5:18-cv-04686-LHK

**INTRODUCTION**

Beginning in 2014, Snap Mobile! Inc. ("Snap") misclassified Defendant and Counterclaimant Paul Croghan ("Croghan") as an independent contractor in violation of California law.  Apparently realizing its error in 2017, Snap forced Croghan to sign an employment agreement that again contained a number of provisions that violated California law.  When Croghan was finally forced to resign, due to Snap's ongoing misrepresentations concerning his compensation and other terms of his employment, Snap filed the instant Complaint against him, in an ill-advised attempt to enforce many of the illegal provisions in its employment contract.  Croghan responded with affirmative defenses and counterclaims for, among other things, misclassification.  Snap now perpetuates its fundamental misunderstanding of California law through its motion to strike many of Croghan's affirmative defenses and dismiss all of his counterclaims.  Its motion contains little accurate legal authority.

To grant Snap the relief it seeks would require a departure from the Iqbal/Twombly pleading standards and require the Court to ignore the plain meaning of both the facts alleged and the exhibits attached to the pleadings.  For example, Snap deliberately truncates and misconstrues the language of its own Sales Representative Agreement (attached as Exhibit 1 to Snap's Complaint) which provides:

"Employee is commencing employment with and/or being promoted by Employer."

"Signing this Agreement is a condition of the employment or promotion."

Snap's Motion argues it is implausible to read the Agreement as promising Croghan a promotion.  This is plainly inaccurate, if not outright false and/or misleading.  Similar errors and distortions of legal principles (including the complete failure to cite any legal authority in some instances) occur throughout the Motion.  The Court should deny Snap's Motion in its entirety.

**STATEMENT OF FACTS**

In May 2014, Defendant and Counterclaimant Paul Croghan ("Croghan") was hired by Plaintiff and Counter-Defendant Snap! Mobile ("Snap"), purportedly as an "independent contractor" sales representative.  (Countercl. ¶ 5.)  Snap operates an online platform to assist sports teams, coaches, and teachers to raise money through online donation campaigns. (Countercl. ¶ 6.)  On July 18, 2017, Snap unilaterally converted Croghan from an independent contractor to an employee. (Countercl. ¶ 32.)   As a condition of his employment, Croghan was required to sign a "Sales

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Representative Agreement" (the "Agreement"). (Countercl. ¶ 33; Compl., Ex. 1.) Snap threatened Croghan with termination if he did not sign the Agreement. (Am. Answer 17:6-9.) At the time, Croghan was suffering from immense emotional distress because of a rare illness that threatened, and ultimately took, the life of his newborn daughter. (Am. Answer 17:1-9.) Moreover, the Agreement contained unconscionable and invalid terms, including the provision that Snap is free to terminate Croghan at-will, with or without cause, but that Croghan must provide ten days' notice before he can terminate the employment relationship. (Am. Answer 17:10-13.) Snap would also later fail to perform as required under the Agreement by failing to provide him with the promised promotion which was the consideration to be provided by Snap for the new obligations to which Croghan was to be bound. (Am. Answer 17:14-18.) In reality Croghan received a demotion as a result of the decrease in pay upon signing the Agreement. (Am. Answer p. 17:18-20.)

Despite his change to employee status in 2017, there was no change whatsoever in Croghan's job duties, his assignments, or in the level of control Snap exercised over his work. (Countercl. ¶¶ 32-34.) Snap exercised pervasive control over Croghan at all times during his tenure by assigning him work, telling him how to complete that work, disciplining him if he failed to complete assignments according to Snap's directions, setting the terms of his compensation and refusing to negotiate, setting schedules and timelines for his work, forcing him to participate in sales calls and training, setting his sales goals, and monitoring his performance, among other things. (Countercl. ¶¶ 9-27.)

During the period he was improperly classified as an "independent contractor," Croghan paid all of his own business expenses (Countercl. ¶ 38), was not provided compliant meal or rest periods (Countercl. ¶¶ 39-40), and was not paid minimum wages for all hours worked or overtime. (Countercl. ¶¶ 40-43.) Snap also failed to record Croghan's hours worked, failed to provide him with accurate wage statements, did not maintain accurate payroll records, and failed to pay him all compensation due at termination. (Countercl. ¶¶ 44-47.) Also during this time, Snap disclosed the information it now contends is the Trade Secret Information ("TSI") to Croghan and other Snap employees (many of whom are now former employees) without any written covenants or other protections from disclosure. (Am. Answer p. 18:28-19:7.)

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

In addition to its many violations of California's wage and hour laws, Snap failed to provide Croghan with a leave of absence when his daughter was born with a rare chromosomal abnormality requiring her to remain hospitalized in Palo Alto during the seven months of her life.  (Countercl. ¶ 50.)  Croghan required a leave of absence during this time to be with his daughter in the hospital. (Countercl. ¶ 51.)  Snap was aware of Croghan's situation, yet failed to provide him with protected family and medical leave he was entitled to under State and federal law.  (Countercl. ¶ 52.)

After Croghan ended his employment with Snap on June 1, 2018, Snap filed the instant Complaint against him, including claims for: (1) Defend Trade Secrets Act; (2) California Uniform Trade Secrets Act; (3) Breach of Contract; (4) Breach of Duty of Loyalty; and (5) Violation of California Penal Code 502 (Compl.).  The Complaint also includes a reference to a YouTube video of the Santa Clara High School Football Team, which is still a customer of Snap, but inaccurately contends that it is a video of the Branham High School Football team.  (Am. Answer 19:26-20:1.)  In addition, the Complaint includes a table which has been altered to fit Snap's narrative that Croghan was accessing and deleting only certain Campaign Data from Snap's network.  In reality, Snap's data entry system often results in duplicate Campaign Data and Snap employees are required to de-duplicate this superfluous Campaign Data.  (Am. Answer 19:20-24.)  Croghan responded to Snap's Complaint with affirmative defenses and counterclaims.  (Am. Answer & Countercl., Dkt. 27.)

Snap now asks the Court to strike nearly all of Croghan's affirmative defenses, and dismiss all of his counterclaims.  (Pl.'s Mot., Dkt. 32.)  Snap's motion is mostly devoid of valid legal support, and entirely lacking in merit.  Accordingly, the Court should deny the motion in its entirety.

**ARGUMENT**

**I.**     **THE COURT SHOULD DENY PLAINTIFF'S MOTION TO STRIKE CROGHAN'S AFFIRMATIVE DEFENSES**

**A.**     **Motions to Strike Pleadings are Disfavored.**

"Motions to strike are generally disfavored."  Villarreal v. County of Monterey, 254 F. Supp. 3d 1168, 1178 (N.D. Cal. 2017).  To that end, "motions to strike should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation.  If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1  deny the motion." <u>Jacobson v. Persolve, LLC</u>, 2014 WL 4090809, at *9 (N.D. Cal. Aug. 19, 2014).

2  "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the

3  light most favorable to the nonmoving party." <u>Villareal</u>, 254 F. Supp. 3d at 1178.

4      Moreover, "[w]hen striking an affirmative defense, leave to amend should be freely given so

5  long as no prejudice to the moving party results." <u>Jacobson</u>, 2014 WL 4090809 at *6. "If a defense

6  may be relevant, then there are other contexts in which the sufficiency of the defense can be more

7  thoroughly tested with the benefit of a fuller record such as on a motion for summary judgment."

8  <u>Meggitt, Inc. v. Yongzhong</u>, 2015 WL 12743862, at *3 (C.D. Cal. Feb. 12, 2015) (citing <u>Platte Anchor</u>

9  <u>Bolt, Inc. v. IHI, Inc.</u>, 352 F. Supp. 2d 1048, 1058 (N.D. Cal. 2004)).

10      Here, Snap's Motion to Strike should be viewed with disfavor. The Motion will not advance

11  the litigation and will only cause further delay. For the most part, Snap contends that the majority of

12  Croghan's affirmative defenses are not actually affirmative defenses. On a limited subset of

13  affirmative defenses, Snap contends that Croghan has not pled sufficient facts to satisfy the heightened

14  'plausibility' standard under <u>Iqbal</u>/<u>Twombly</u>. As set forth below, Snap's contentions are inaccurate

15  and its Motion should be denied. Moreover, to the extent the Court is inclined to strike any affirmative

16  defense, leave to amend should be freely granted at this early stage of the litigation.

17      **B.**    <u>**The Challenged Denial Complies With Rule 8(b)(3)**</u>

18      "A party that does not intend to deny all the allegations must either specifically deny

19  designated allegations ***or generally deny all except those specifically admitted***." Fed. R. Civ. P.

20  8(b)(3). Here, the challenged provision of the First Amended Answer ("FAA") falls within Rule

21  8(b)(3): "To the extent any allegations in the Complaint have not been specifically admitted or denied,

22  they are hereby denied." (Am. Answer p. 15:19-21.) Not only is Croghan's general denial permitted

23  under Rule 8(b)(3), but none of the authorities cited in Snap's Motion support striking such a denial.

24      Snap's reliance on <u>Mary Kay, Inc. v. Dunlap</u>, 2012 WL 2358082 (N.D. Texas June 21, 2012),

25  for the proposition the Croghan's general denial is improper is misplaced. In <u>Mary Kay</u>, the answer

26  generally denied "all the allegations of Mary Kay's state-court original petition, except she admits that

27  she lives in Troy." <u>Id.</u> at *7. In <u>JL Audio Inc. v. Saif</u>, 2017 WL 4923191 (E.D. Cal. Oct. 31, 2017),

28  the answer at issue was four paragraphs long, failed to include any substantive responses to Plaintiff's

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

016297.00010
21943288.2

specific allegations, and included the statement that defendant "denies each and every allegation contained in all 4 counts." Id. at *2. In contrast, Croghan went through each paragraph of the Complaint to admit or deny the allegations of each paragraph. Only after going this process did Croghan include the challenged denial, which complies with Rule 8(b)(3).

### C. An "Affirmative Defense" That Negates An Element of Plaintiff's Claim Should Not Be Stricken, But Rather Should Be Construed As A Denial.

Snap also argues that certain of Defendant's affirmative defenses "do nothing more than repeat denials in the Answer or are otherwise redundant." (Pl.'s Mot. at 5, 9, 12.) But "the few authorities to address th[is] subject have held that denials that are improperly pled as defenses should not be stricken." Smith v. Wal-Mart Stores, 2006 WL 2711468, at *9 (N.D. Cal. Sept. 20, 2006). Rather, "'[t]he federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled.'" Id. at 9-10 ("'[A] defendant occasionally may label his negative averment as an affirmative defense rather than a specific denial. . . . If plaintiff has been given 'plain notice' of the matters to be litigated which is all the federal pleading rules require, he should be put to this proof irrespective of any error by defendant regarding terminology.'") (quoting 5 Wright & Miller, Fed. Prac. and Proc. § 1269 (2d ed. 1990)).

Snap has "failed to show that [it] will be prejudiced by a failure to strike these defenses. To the extent that these defenses simply negate elements of Plaintiffs' claims, Plaintiffs should simply construe them as denials." Id. (arguments that "affirmative defenses are properly characterized as denials provides insufficient grounds for striking the defenses."); see also Gilmore v. Liberty Life Ass. Co. of Boston, 2013 WL 12147724, at *1 (N.D. Cal. Apr. 19, 2013) (denying motion to strike affirmative defenses that "[w]hile, as a technical matter," were "not proper affirmative defenses, and instead are mere denials of liability," because "no prejudice would result from allowing the defenses to remain as pled"). Moreover, "[a]ny doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party." United Tactical Sys., LLC v. Real Action Paintball, Inc., 143 F. Supp. 3d 982, 1023 (N.D. Cal. 2015).

### D. Certain Issues Are Affirmative Defenses To Some Claims While These Same Issues Are Elements Of Other Claims.

Croghan generally agrees that he will bear the burden of proof on his affirmative defenses at

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

016297.00010
21943288.2

trial.   However, the challenged pleading states: "[b]y alleging the Affirmative Defenses set forth below, Croghan does not agree or concede that he bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part."   As evidenced by Snap's Motion, there is a dispute regarding whether certain issues are actually affirmative defenses or elements of Snap's cause(s) of action.   To the extent the issue is actually an element of Snap's cause of action, Snap will continue to bear the burden of proof on that issue.   For example, an issue (such as, consent) may be an affirmative defense by Croghan to claims asserted by Snap (such as, duty of loyalty) while the issue of consent will also be an element of Snap's cause of action for other claims (misappropriation of trade secrets).   Simply because 'Consent' was raised an affirmative defense for one cause of action does not mean that Croghan should bear the burden of proof on that issue for another cause of action where it is an element of Snap's claim.

**E.      Failure to Mitigate Damages Has Been Properly Pled.**

"Courts have typically held that a generalized statement meets defendant's pleading burden with respect to the affirmative defense of damage mitigation." Nomadix, Inc. v. Guest-Tek Interactive Entertainment LTD, 2017 WL 7275391, at *7 (C.D. Cal. Nov. 30, 2017); Horton v. NeoStrata Co., Inc., 20172721977, at *12 (S.D. Cal. June 22, 2017) (denying motion to strike mitigation defense; "where discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts").   Even in the legal authority cited by Snap on this issue, Prods. And Ventures Int'l v. Axus Stationary Ltd., 2017 WL 1330598 (N.D. Cal. Apr. 11, 2017), the Court stated that the defendant could request leave to amend its answer to include Mitigation of Damages as an affirmative defense after conducting discovery.   Id. at *4.

Here, Snap has not indicated in its Complaint what its actual damages are, i.e., what customers were allegedly misappropriated by Croghan, or the facts that comprise its lost profits.   Indeed, such facts are required under Rule 26(a); specifically, where a party is seeking lost profits (as Snap does) the party must "explain its computation of lost gross revenues." Frontline Med. Assocs., Inc. v. Coventry Health Care, 263 F.R.D. 567, 569 (C.D. Cal. 2009).   "If Plaintiff intends to seek lost profits, it should also state its computation of expenses and lost profits." Id.   By failing to include such facts in the Complaint or its Initial Disclosures, Snap has rendered it impossible for Croghan to provide the factual

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

basis for mitigation of damages that Snap demands in its Motion.

In light of the foregoing, Croghan has complied with the "generalized statement" requirement sufficient to defeat a Motion to Strike as set forth in Nomadix and Horton. Striking Croghan's mitigation affirmative defense now will only necessitate further motion practice after Snap has adequately and appropriately disclosed facts relating to its damages as required by Rule 26(a). Accordingly, striking the failure to mitigate damages affirmative defense will only result in unnecessary delays and further motion practice this litigation and should be denied. Rosen v. Masterpiece Marketing Group, LLC, 222 F. Supp. 3d 793, 797 (C.D. Cal. 2016) (motion to strike disfavored "because of their somewhat dilatory and often harassing character.").

**F.      Croghan's Affirmative Defense Based on Comparative Fault Plausibly Applies To The Claims At Issue.**

Snap moves to strike Croghan's affirmative defense of comparative fault, which it re-characterizes as comparative negligence. "The terms contributory negligence, comparative negligence, and comparative fault describe the same affirmative defense." F.D.I.C. v. Straub, 2012 WL 1965621 (N.D. Cal. May 31, 2012), at \*fn. 1 (N.D. Cal. May 31, 2012). A court in this District recently denied a motion to strike the affirmative defense asserted against a breach of contract claim. Id. at \*2-3; see also Mattel, Inc. v. MGA Entm't, Inc., 782 F. Supp. 2d 911, 1018 (C.D. Cal. 2011) (denying motion for summary judgment on comparative fault claim asserted in action involving alleged misappropriation of trade secrets by former employee). The authority cited by Snap, Ansari v. Elec. Document Processing, Inc., 2012 WL 3945482 (N.D. Cal. Sept. 10, 2012), explicitly stated that it was not ruling that such an affirmative defense was immaterial: "In light of the Court's ruling that Defendants' affirmative defenses are insufficiently pled, the Court declines to rule as to whether each affirmative defense is material." Id. at \*6. As such, Ansari does not support Snap's contention that the Court should strike Croghan's comparative fault defense.

Here, Croghan's comparative fault affirmative defense specifically sets forth the conduct of Snap at issue, i.e., the invalid and unenforceable contractual provisions drafted by Snap, and the duress under which Snap placed Croghan to sign the Agreement at issue when Snap knew of his daughter's health condition, and Snap's failure to perform under the Agreement. The FAA further states that

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

third parties, such as the customers listed in the Complaint, are free to do business with whomever they choose.  (Dkt. 27, 17:20-21.)  Thus, the defense satisfies the Iqbal/Twombly standard.  Rosen, 222 F. Supp. 3d at 799 ("Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense.").

**G.    The Defense Of Consent Plausibly Applies To Certain Claims At Issue.**

"He who consents to an act is not wronged by it."  Cal. Civ. Code § 3515; Kent v. Microsoft Corp., 2013 WL 3353875 *6-7 (C.D. Cal. July 1, 2013) (motion to dismiss "Intentional Tort" cause of action based upon plaintiff's consent to the complained of acts).  Croghan agrees with Snap that a misappropriation of trade secrets claim, whether arising under the Defend Trade Secrets Act ("DTSA") or the California Uniform Trade Secrets Act ("CUTSA"), requires that the plaintiff show the alleged disclosure or use of the trade secret was without express or implied consent as an element of the plaintiff's case.  18 U.S.C. § 1839 (5)(B); Cal. Civ. Code § 3426.1(b); Acculmage Diagnostics Corp. v. Terarecon, Inc., 260 F. Supp. 2d 941, 952 fn. 5 (N.D. Cal. 2003) (mere possession of trade secret not sufficient).  However, Snap has asserted three other causes of action, including breach of duty of loyalty.  While Croghan disputes that such a cause of action exists in a non-fiduciary context, consent is a valid affirmative defense to such a cause of action and Snap failed to provide any authority to the contrary.

**H.    Offset Is An Affirmative Defense.**

Contrary to Snap's argument, which is unsupported by any legal authority, offset is an affirmative defense.  Jacobson, 2014 WL 4090809, at *9 ("The Court finds that the affirmative defense for offset, as asserted by both Persolve and Stride Card, is factually sufficient and must survive Plaintiff's Motion to Strike.");  Rahman v. San Diego Accounts Service, 2017 WL 1387206, at *4 (S.D. Cal. Apr. 17, 2017) ("Defendant specifically argues that any recovery should be offset by the amount owed to Defendant resulted from the valid medical debt from which this dispute arose…The Court concludes that this is sufficient to plausibly state an affirmative defense for offset.");  SuperMedia LLC v. Law Firm of Asherson, 2013 WL 12114831 (C.D. Cal. Mar. 6, 2003), at *11 ("The motion to strike the seventh ('Offset') affirmative defense is denied.  Although this defense

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

repeats allegations in the counterclaim, it may also be raised as an affirmative defense.").  Here, there is no authority to support the striking of 'Offset' as an affirmative defense and the affirmative defense should not be stricken.

## I.   Waiver, Relinquishment, Abandonment, And Estoppel Plausibly Apply To The Claims At Issue.

"From the general rule governing secrecy, it follows that an unprotected disclosure of the holder's secret terminates the existence of the trade secret."  SkinMedica, Inc. v. Histogen Inc., 869 F. Supp. 2d 1176, 1194 (S.D. Cal. 2012).  "Even a single public disclosure of information may defeat trade secret protection."  Id. (citing HiRel Connectors, Inc. v. United States, 2006 WL 3618011 at *8-10 (C.D. Cal. Jan. 25, 2006)); see also Masonite Corp. v. County of Mendocino Air Quality Management Dist., 42 Cal. App. 4th 436, 453-55 (1996) (any claimed trade secret protection was waived by disclosure in response to Public Records Request).  Moreover, the DTSA contemplates that waiver or relinquishment may be raised to a claim of trade secret protection:

> "The provision of information relating to a trade secret to the United States or the court in connection with a prosecution under this chapter shall not constitute a waiver of trade secret protection…"  18 U.S.C. § 1835.

Furthermore, in response to a claim brought under CUTSA "Defendants may assert equitable defenses such as estoppel, waiver, laches and unclean hands."  Gaab & Reese, California Practice Guide: Civil Procedure Before Trial Claims & Defenses, Ch. 10(II)-C, Intellectual Property (The Rutter Group 2018) ¶ 10:350 (citing Vacco Indus., Inc. v. Van Den Berg, 5 Cal. App. 4th 34, 52-53 (1992)).  "Traditional equitable defenses are available in a breach of fiduciary duty action.  These include: Estoppel (Enea v. Superior Court, 132 Cal. App. 4th 1559, 1568 (2005)), Unclean Hands [citation omitted], Laches [citation omitted]."  Gaab & Reese, California Practice Guide: Civil Procedure Before Trial Claims & Defenses, Ch. 3(V)-C (The Rutter Group 2018) ¶¶ 3:575-3:578.

Here, the affirmative defense states that any trade secret protection has been waived by disclosing the TSI to Croghan (along with other Snap employees or former employees) as early as 2014 without any non-disclosure agreement.  In response, Snap contends that the affirmative defense is implausible because the TSI did not exist in 2014.  However, the date the TSI was created is not stated anywhere in the Complaint.  If Snap wishes to amend its Complaint to affirmatively state when

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1   the TSI was created, Snap may elect to do so.  Even then, an issue of disputed fact would be presented

2   which cannot be determined at the pleading stage.

3       **J.      Spoliation Of Evidence Plausibly Applies To The Claims At Issue.**

4           Courts in the Northern District have allowed spoliation of evidence to proceed as an

5   affirmative defense.  Schmidt v. Pentair, Inc., 2010 WL 4607412, at * 1 (N.D. Cal. Nov. 4, 2010)

6   (denying motion strike affirmative defense of spoliation of evidence); Infor Global Solutions, Inc. v.

7   St. Paul Fire and Marine Ins. Co., 2009 WL 5909255, at *2 (N.D. Cal. Oct. 21, 2009).  Even if the

8   Court is inclined to treat the spoliation of evidence as an evidentiary or discovery sanction rather than

9   an affirmative defense, Croghan must be permitted to assert spoliation of evidence as an evidentiary or

10  discovery sanction at the appropriate time.  See Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co., Inc.,

11  520 F. Supp. 2d 1184, 1198 (C.D. Cal. 2007) ("Plaintiff's response that Defendant did not plead an

12  affirmative defense for spoliation fails because Defendant did not need to do so.  Under California law,

13  spoliation by a party to an action is not a separate tort or claim and the parties are limited to evidentiary

14  and discovery remedies.").

15          Furthermore, contrary to Snap's claims, the FAA directly states what evidence is the subject of

16  the spoliation defense:

17          "Paragraph 40 of the Complaint contains a table which appears to have been altered to
            fit Snap's narrative that Croghan was accessing and deleting only certain Campaign
18          Data from Snap's network.  In reality, Snap's data entry system often results in
            duplicate Campaign Data and Snap employees are required to de-duplicate this
19          superfluous Campaign Data.  These administrative de-duplication efforts are done
            regularly and are clearly within the scope of [employment of] Snap's employees."
20          Dkt. 27, lines 20-26.

21  The spoliation defense also identifies the fact that the video referenced in Paragraphs 41-43 is actually

22  of a current Snap client, not the former client Snap contends Croghan misappropriated.  Such facts are

23  sufficient under Iqbal/Twombly.

24      **K.      Unjust Enrichment Is An Affirmative Defense.**

25          Snap's Motion does not contend that the facts alleged in the FAA are implausible under

26  Iqbal/Twombly.  Rather, Snap incorrectly contends that "Unjust Enrichment" is not an affirmative

27  defense and should be stricken.  Snap's contention is inaccurate and must be rejected.  Unjust

28  enrichment is properly asserted as an affirmative defense.  Space Props., Inc. v. Tool Research Co.,

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

203 Cal. App. 2d 819, 827-28 (1962); <u>Kuang Xuan Liu v. Win Woo Trading</u>, LLC, 2014 WL 7140514, at *3 (N.D. Cal. Dec. 12, 2014) (denying motion to strike affirmative defense of unjust enrichment).  Thus, the affirmative defense should not be stricken.

### L.     Failure To Perform Plausibly Applies To The Claims At Issue.

As relevant here, the Agreement states "Employee is commencing employment with and/or being promoted by Employer."  The Agreement continues: "Signing this Agreement is a condition of the employment or promotion."

Snap deliberately misconstrues the words of the Sales Representative Agreement to contend that the only plausible reading of the Sales Representative Agreement is that Croghan's employment was to commence upon the signing of the Agreement.  This reading is contrary to plain meaning of the word "or".  "Or" is a disjunctive term meaning that a plausible reading of the Agreement is that Croghan was being promoted by Snap.  Snap's proposed reading also requires that the Court completely ignore the clause "being promoted by Employer."  <u>Nat. Union Fire Ins. Co. of Pittsburgh, PA v. Seagate Tech., Inc.</u>, 2005 WL 756599, at *9 (N.D. Cal. Apr. 4, 2005) ("An interpretation rendering contract language nugatory or inoperative is disfavored.").

Furthermore, the Agreement was prepared by Snap and must be construed against Snap. <u>Sandquist v. Lebo Automotive, Inc.</u>, 1 Cal. 5th 233, 248 (2016) ("[W]here, as here, the written agreement has been prepared entirely by the employer, it is a well-established rule of construction that any ambiguities must be construed against the drafting employer and in favor of the nondrafting employee.").  Thus, any ambiguity as to whether Croghan's employment was to commence or if he was to receive a promotion upon the signing of the Agreement must be construed against Snap.  Any determination of this issue at the pleading stage is inappropriate.

Moreover, Croghan was misclassified as an independent contractor for the first three years of his employment.  <u>Dynamex Operations W. v. Superior Court</u>, 4 Cal. 5th 903, 956-57 (2018) (holding that the hiring entity must establish all three prongs of the ABC test in order to show that the worker was an independent contractor, rather than an employee).  California law is well established that the label of independent contractor that the parties applied to the relationship is not controlling.  <u>Id.</u> at 962 ("[A] business cannot unilaterally determine a worker's status simply by assigning the worker the label

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1  'independent contractor' or by requiring the worker, as a condition of hiring, to enter into a contract

2  that designates the worker an independent contractor.").  At best, this is an issue of fact that cannot be

3  determined at the pleading stage.

4       **M.**   <u>**Excuse Plausibly Applies To The Claims At Issue.**</u>

5         Without citing any legal authority, Snap argues that "excuse" is not a defense to any of Snap's

6  claims.  (Pl.'s Mot., Dkt. 32.)  The Memorandum of Points and Authorities "must contain…Argument

7  by the party, citing pertinent authorities."  N.D. Cal. Civil L.R. 7.4 (a)(5); <u>see also</u> <u>Schaeffer Land</u>

8  <u>Trust v. San Jose City Council</u>, 215 Cal. App. 3d 612, 619 fn. 2 (1989) (argument unsupported by

9  legal authority "is deemed to be without foundation and requires no discussion.").  "A memorandum

10  of law in support of a motion is not an op-ed in a newspaper: bare argument, without legal citations

11  and references to relevant portions of the record, is not helpful to the Court."  <u>Kozlowski v.</u>

12  <u>Stroomberg</u>, 2014 WL 1329889, at *4 (E.D. Cal. Mar. 28, 2014).

13         As to the substance of the argument, excuse is a defense to a breach of contract.  <u>FNBN</u>

14  <u>Rescon I, LLC v. Citrus El Dorado, LLC</u>, 725 Fed. Appx. 448, 451 (9th Cir. 2018) (refusal to advance

15  loan funds in timely manner excused performance); <u>McDonald v. Filice</u>, 252 Cal. App. 2d 613, 625 fn.

16  2 (1967) (excuse based upon other party's non-performance of a condition subsequent is waived if not

17  raised in the answer).

18         Here, the FAA states facts showing that Snap failed to perform the Agreement in that Croghan

19  did not receive the promised promotion, compensation, or reimbursement.  Snap's trade secret claims

20  are premised, in part, upon the reciprocal promises of the parties contained in the Agreement.  (Compl.

21  ¶¶ 58, 71, ¶ 60 ("Snap has taken reasonable measures, such as contractual promises, notice, and

22  security measures, to keep Snap's TSI secret."), ¶ 73 ("At the time of use and disclosure, Croghan

23  knew or had reason to know that his knowledge of the TSI was acquired under circumstances giving

24  rise to a duty to maintain its secrecy and limit its use.").)  Accordingly, the affirmative defense should

25  not be stricken.

26       **N.**   <u>**Unclean Hands Plausibly Applies To The Claims At Issue.**</u>

27         "Under California law regarding the applicability of the unclean hands defense, the focus is the

28  equities of the relationship between the parties, and specifically whether the unclean hands affected the

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

transaction at issue." <u>Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.</u>, 946 F. Supp. 2d 957, 973-74 (N.D. Cal. 2013).  "Whether the doctrine of unclean hands applies is a question of fact." <u>Id.</u>

"In California, the unclean hands doctrine applies not only to equitable claims, but also to legal ones." <u>Adler v. Fed. Republic of Nigeria</u>, 219 F.3d 869, 876-77 (9th Cir. 2000); <u>Meggitt</u>, 2015 WL 12743862, at *2-4 (denying motion to strike affirmative defense of unclean hands in trade secret action); <u>Infor Global Solutions, Inc. v. St. Paul Fire and Marine Ins. Co.</u>, 2009 WL 5909255, at *2 (N.D. Cal. Oct. 21, 2009) (holding that "Defendant may properly assert the affirmative defense of unclean hands in this [breach of contract] action.").

Here, Snap fails to show that the facts alleged in the unclean hands defense are insufficient. Instead, Snap makes the conclusory argument that the unclean hands defense "deliberately misstates" the Agreement "by asserting that Mr. Croghan was promised a promotion."  (Pl.'s Mot., Dkt. 32, pp. 11-12,.)  This argument has been rebuffed above and requires the Court to ignore the plain meaning of the Agreement drafted by Snap which includes the statement that Croghan was being promoted upon the signing of the Agreement.  Moreover, the remaining facts alleged in the defense all relate to the relationship between Snap and Croghan, and Snap's conduct which affected the disputes at issue; in particular, Snap's misclassification of Croghan, Snap's refusal to grant Croghan protected leave, Snap's conduct in threatening Croghan with termination if he did not sign the Agreement at a time when he was comforting his dying newborn daughter, among other things.  At best, this is an issue of fact that cannot be determined at the pleading stage.

### O.     The Affirmative Defense Of Contractual Bar Applies.

As Snap concedes, <u>BNSF Ry. Co. v. San Joaquin Valley R. Co.</u>, 2011 WL 3328398 (E.D. Cal. 2011) holds that "[a] person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations." <u>Id.</u> at *5.  <u>AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc., et al.</u>, — Cal. Rptr. 3d — 2018 WL 5669154 (Nov. 1, 2018) recently confirmed this rule applies to duty of loyalty claims between an employer and its former employee: an employer's "attempt to turn a garden-variety contract cause of action against [Employee] into a tort-based breach of duty of loyalty cause of action fails as a matter of law." <u>Id.</u> at 24-25 (holding that former employee's alleged disclosure of employer's confidential information could not support duty of loyalty claim).  Thus, the affirmative

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1    defense should not be stricken.

2        **P.        Invalidity And Unenforceability Has Been Plausibly Pled.**

3        "Every contract by which anyone is restrained from engaging in a lawful profession, trade, or

4    business of any kind is to that extent void." Artec Group, Inc. v. Klimov, 2017 WL 5625934, at *6 fn.

5    7 (N.D. Cal. Nov. 22, 2017) (quoting Cal. Bus. & Prof. § 16600).  "[U]nconscionability has both a

6    'procedural' and a 'substantive' element, the former focusing on 'oppression' or 'surprise' due to

7    unequal bargaining power, the latter on 'overly harsh' or 'one-sided' results." Armendariz v.

8    Foundation Health Psychcare Servs., Inc., 24 Cal. 4th 83, 114 (2000).  As Armendariz held, the

9    'procedural' element of unconscionability is present when an employer imposes an agreement upon an

10   employee as a condition of employment without opportunity to negotiate.  Id.  The California Supreme

11   Court further held that the substantive element of unconscionability will be found where there is a lack

12   of mutuality in the obligations of the employer and the employee.  Id. at 115-116.

13       Here, Croghan has properly alleged the invalidity of the Agreement under Cal. Bus. & Prof.

14   Code § 16600 in this affirmative defense.  Moreover, Croghan has properly alleged the elements of

15   unconscionability in his affirmative defense.

16       Furthermore, Snap's contention that this affirmative defense should be stricken simply because

17   there is a severability clause is not supported by any legal authority.  In fact, a trial court is vested with

18   discretion to declare the contract void if the unconscionability permeates the entire contract.

19   Armendariz, 24 Cal. 4th at 124.  Given the allegations in the affirmative defense which go to the

20   execution of the Agreement (i.e., imposed as condition of employment without opportunity to

21   negotiate under threat of termination, and Croghan's mental and emotional state given his daughter's

22   health issues) and the multiple illegal provisions contained in the Agreement, the affirmative defense is

23   sufficient to place the issue of permeability in issue.

24       Moreover, the alleged invalid or unconscionable provisions, including Croghan's alleged

25   requirement to provide 10-days' notice while Snap can terminate at-will with or without cause, are the

26   provisions upon which Snap relies to support its breach of contract allegation.  Thus, invalidity and

27   unenforceability is directly at issue on these provisions regardless of whether the remainder of the

28   Agreement survives.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

016297.00010
21943288.2

Q.  **Non-Fiduciary Employees Owe No Duty Of Loyalty To Their Employers.**

"In California, there is no tort for 'breach of duty of loyalty' that is distinct from the recognized tort of 'breach of fiduciary duty.'"  Mattel, Inc. v. MGA Entm't, 2011 WL 8427611, at *3 (C.D. Cal. Mar. 28, 2011) ("[N]on-fiduciary employees owe no duty of loyalty to their employers."); Mamou v. Trendwest Resorts, Inc., 165 Cal. App. 4th 686, 719 (2008) ("An employee does not breach his duty of loyalty by preparing to compete with his employer.").  For example, creating an entity to compete with the employer will not result in any breach of any duty owed by the employee.  Id.  Similarly, "setting up new offices, creating a marketing and website plan, and discussing potential products and vendors" does not violate any duty owed by the employee.  Youngevity Int'l v. Smith, 2018 WL 4691271, at *2 (S.D. Cal. Sept. 28, 2018) (motion for summary judgment in favor of employee).

Here, Snap does not allege that Croghan began working for a different employer prior to his resignation on June 1, 2018.  At best, the Complaint is ambiguous on this point.  In fact, all the complained of acts alleged in the Complaint, such as setting up campaigns for former Snap clients and allegedly using Snap trade secrets to do so, are alleged by Snap to have occurred after June 1, 2018. Thus, Snap's argument that the authority "confuses the concept that an employee can prepare to compete with the prohibition on employees competing while employed" is a non-sequitur.  The affirmative defense should not be stricken.

R.  **Without Permission Is An Element Of Snap's Penal Code § 502 Claim.**

Snap argues that this affirmative defense is merely a "denial or a negative defense" of an element of Snap's cause of action.  Croghan agrees with Snap that Snap bears the burden of proof to show that Croghan's alleged access to Snap's computer systems were without permission during the time in question.  But for the reasons set forth in Section I.C., above, "the proper remedy is, not to strike the averment, but rather to treat it as a specific denial."  Smith v. Wal-Mart Stores, 2006 WL 2711468, at *10 ("The federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled.") (quoting Etienne v. Wal-Mart Stores, Inc., 197 F.R.D. 217, 220-21 (D. Conn. 2000), 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1269 (2d ed. 1990)).  Accordingly, Snap's "arguments that the above affirmative defenses are properly characterized as denials provides

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1   insufficient grounds for striking the defenses." Id.  Croghan's "Without Permission" defense should

2   simply be construed as a specific denial.[1]

3   **II.     THE COURT SHOULD DENY PLAINTIFF'S MOTION TO DISMISS THE**
        **COUNTERCLAIMS.**

4       **A.     Croghan's Pleading Gives Snap Fair Notice of His Claims and States Plausible**
            **Grounds for Relief.**

5

6           A motion brought pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims stated in

7   the complaint against Rule 8's pleading requirements.  Strom v. United States, 641 F3d 1051, 1067

8   (9th Cir. 2011).  A dismissal under Rule 12(b)(6) is only proper when the pleading (1) fails to allege a

9   "cognizable legal theory;" or (2) fails to allege sufficient facts "to support a cognizable legal theory."

10  Caltex Plastics, Inc. v. Lockheed Martin Corp., 824 F3d 1156, 1159 (9th Cir. 2016).

11          Notice pleading imposes the rather straightforward requirement that a complaint give the

12  defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic

13  Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Starr v. Baca, 652 F.3d 1202, 1212 (9th Cir. 2011).

14  In evaluating whether a pleading is sufficient, the court takes allegations of material fact as true, and

15  construes them in the light most favorable to the drafter.  Erickson v. Pardus, 551 U.S. 89, 94 (2007);

16  Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1003-1004 (9th Cir. 2008).

17          "When evaluating a complaint, we ask whether the pleading gives the defendant fair notice of

18  the claim and includes sufficient 'factual matter' to state a plausible ground for relief." Kirkpatrick v.

19  County of Washoe, 792 F.3d 1184, 1191 (9th Cir. 2015) (citing Twombly, 550 U.S. at 544).  A claim

20  is facially plausible when it contains "factual content that allows the court to draw the reasonable

21  inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678

22  (2009); see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 (9th Cir.

23  2011).  This is a context-specific task, requiring the court to "draw on its judicial experience and

24  common sense."  Iqbal, 556 U.S. at 679.  "When there are well-pleaded factual allegations, a court

25  should assume their veracity and then determine whether they plausibly give rise to an entitlement to

26  ─────────────────────

27  [1] The Motion does not include any argument, reference, or legal authority seeking to strike
    Croghan's Fourteenth Affirmative Defense – Employee Safe Harbor – directed to Snap's Penal
    Code § 502 claim.  This affirmative defense is specifically authorized by Penal Code § 502(h).

28

Opposition To Motion To Strike Affirmative Defenses And Dismiss Counterclaims
Case No. 5:18-cv-04686-LHK

relief." Id.  Most importantly, the "complaint should be read as a whole, **not parsed piece by piece to determine whether each allegation, in isolation, is plausible**."  Arthur J. Gallagher & Co. v. Lang, 2014 WL 4354670, at *3 (N.D. Cal. Sept. 2, 2014) (emphasis added).

Taking Croghan's allegations as true, as the Court must, and construing them in the light most favorable to him, as the law requires, compels the conclusion that he has adequately pled his claims against Snap. Snap's motion to dismiss should be denied in its entirety as to Croghan's counterclaims.

**B.   Croghan Has Adequately Pled a Claim for Unreimbursed Business Expenses Pursuant to Cal. Labor Code Section 2802.**

Croghan's first counterclaim alleges that during his employment at Snap he was required to incur business related expenses without reimbursement from Snap as is required under California Labor Code section 2802.  In particular, Labor Code section 2802 provides:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

Here, Croghan asserts that (1) he incurred specific work-related expenses that were not reimbursed by Snap and (2) the expenses were part of his job duties.  (Countercl. ¶¶ 56-57.)  The counterclaim details the specific unreimbursed expenses that are at issue, including "print costs, sales incentives, travel, mileage, fuel expenses, computer equipment, utilities and cellular phone expenses."  (Countercl. ¶ 56.)  The allegations are sufficient to withstand a 12(b)(6) challenge.  Dawson v. Hitco Carbon Composites, Inc. 2017 WL 7806358, *6-7  (C.D. Cal. May 5, 2017) (denying motion to dismiss claim under § 2802 where plaintiff alleged that use of personal cell phone for business related purposes was required and that he and other class members were not reimbursed for this expense).  Snap's assertion that Croghan must allege Snap knew or had reason to know of the expenditures lacks merit.  For example, Snap knew Croghan was working from home, Snap knew that Croghan used a cell phone for business purposes and was required to do so and Snap knew it did not reimburse Croghan.  Snap also knew that sales incentives, such a pizza parties for sports teams Snap was fundraising for, were being paid for by Croghan but they did not reimburse him for these sales incentives.  The allegations set forth by Croghan with respect to his claim under section 2802 is sufficiently pled.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

016297.00010
21943288.2

"Section 2802 claims are sufficiently pled where the complaint identifies the particular expenses that were not reimbursed and affirmatively alleges that the expenses were part of the plaintiff's job duties." <u>Tan v. GrubHub, Inc.</u>, 171 F. Supp. 3d 998, 1005 (N.D. Cal. 2016) (citing cases).  Accordingly, in <u>GrubHub</u>, the district court concluded that allegations that the plaintiffs were forced to bear specific expenses were sufficient to state a plausible claim for relief because it "identified the type of expenses that GrubHub failed to reimburse." <u>Id.</u>  The <u>GrubHub</u> court specifically rejected the defendant's claim—which is the same claim made by Snap here—that the "claim [under 2802] fails because [Plaintiffs] have not alleged that the expenses were necessary to the discharge of their duties." <u>Id.</u>  Drawing on common sense, the court there noted that delivery drivers such as the plaintiffs would be required to use a vehicle and phone to conduct business. <u>Id.</u>  Like the court in <u>GrubHub</u>, this court should also reject contention made by Snap, that the employee must plead specific employer knowledge of the expenditures. <u>Id.</u> at 1006.  Indeed, "[a]ssuming that a Section 2802 plaintiff must plead such knowledge, the FAC allegations plausibly support an inference of GrubHub's knowledge.  It is plausible to infer that Defendants were aware that class members incurred these expenses from the nature of their business—an app-based food delivery service that requires drivers to use their cars and cell phones." <u>Id.</u>

Croghan has alleged that he was misclassified as an independent contractor sales representative of Snap between May 2014 and July 2017.  (Countercl. ¶¶ 5, 32.)  He alleges he paid all of his own work-related expenses, including "printing costs, sales incentives, travel, mileage, fuel expenses, computer equipment, utilities, and cellular telephone expenses."  (Countercl. ¶¶ 31, 56.)  As a home-based sales representative for Snap, it is plain that Croghan necessarily incurred these work-related expenses in order to discharge his duties.  Indeed, Snap's motion admits as much: "What is clear from the pleadings is that Croghan was a salesman who travelled for work and worked out of his home."  (Pl.'s Mot. at 14:20-21.)[2]

Croghan has pled that he incurred work-related expenses and that Snap had knowledge of

---

[2] Moreover, Snap admits it knew Croghan was using personal electronic devices for business purposes: it remotely "wiped" his cell phone and iPad after his resignation.  (Compl., Ex. 5, p. 2.)

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

- 18 -

those expenses.  Croghan's pleading as to the first counterclaim, therefore, is sufficient and is not subject to dismissal.

### C. Croghan Has Adequately Pled Claims for Missed Meal and Rest Periods Pursuant to Cal. Labor Code Sections 226.7 and 512 and IWC Wage Order 4.

In addition to its apparent misunderstanding of its obligations under California law concerning the proper classification of independent contractors, Snap also appears to misapprehend its obligations concerning meal and rest periods for its employees.  There is no requirement that Snap "set" the hours worked by Croghan as a predicate for its liability for failure to provide meal and rest periods.  (Pl.'s Mot. at 14:12.)  Where Croghan was working sufficient hours to trigger meal and rest period obligations, pleading that Snap failed to provide them is sufficient.

Wage Order 4 provides that a meal period of at least 30 minutes is owed when a worker is employed for more than five hours, and a rest period of ten minutes is owed for each four hours of work, or major fraction thereof.  IWC Wage Order 4, §§ 11-12.  "Under California law, an employer must pay an employee for all 'hours worked.' Hours worked are defined as 'the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, **whether or not required to do so**.'"  Arredondo v. Delano Farms Co., 301 F.R.D. 493, 523 (E.D. Cal. 2014) (quoting Morillion v. Royal Packing Co., 22 Cal.4th 575 (2000) (emphasis added).  If Croghan was working, even if Snap allegedly did not set his schedule each day, he was entitled to meal and rest periods.

The FAA alleges that Croghan regularly worked more than five hours per day and was not provided with any meal or rest periods.  (Countercl. ¶¶ 61, 66.)  This is sufficient.  Ambriz v. Coca Cola Co., 2013 WL 5947010, at *3 (N.D. Cal. Nov. 5, 2013) ("Here, Plaintiff alleges that no meal breaks were provided at all.  That claim is adequately pled under in *Brinker* [*Restaurant Corp. v. Superior Court* (2012) 53 Cal. 4th 1004]….".)  Ambriz observed further:

> Justice Werdegar stated that if an employer's records show no meal period for a given shift, a rebuttable presumption arises that the employee was not relieved of duty and no meal period was provided, shifting the burden to the employer to show the meal period was waived. (citing *Brinker*, 53 Cal.4th at 1052) (Werdegar, J. concurring). In light of Justice Werdegar's concurrence, and his majority opinion, Plaintiff here is not required to allege anything more than what he has already alleged: that he was entitled to meal breaks, and that meal breaks were not provided.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

016297.00010
21943288.2

1   Id. (citing Bradley v. Networkers Int'l, LLC, 211 Cal. App. 4th 1129, 1144–45 (2012)).  Croghan has

2   pled that Snap "failed to afford proper and timely mal periods" and also failed to record his actual

3   hours worked.  (Dkt. 27, ¶¶ 62, 88).  Without the legally required records reflecting hours worked and

4   meal periods, Snap will have the burden of rebutting the presumption that meal periods were not

5   properly provided.  Ambriz, 2013 WL 5947010 at *3; see also Ricaldai v. U.S. Investigations Servs.,

6   LLC, 878 F. Supp. 2d 1038, 1044-1045 (C.D. Cal. 2012).  Given this state of affairs, Croghan need

7   only plead "that he was entitled to meal breaks, and that meal breaks were not provided."  Ambriz,

8   2013 WL 5947010 at *3.  He has done so.  Accordingly, Croghan has adequately pled a claim for

9   relief as to his second and third counterclaims.

10      **D.      Croghan Has Adequately and Plausibly Pled His Claims for Failure to Pay Minimum Wage and Overtime.**

11      Similarly, Croghan has adequately pled that he was regularly required to work overtime and

12   was not paid minimum wage for all hours worked.  Snap's "Sales Representative Agreement"

13   expressly required Croghan to work overtime, and his FAA alleges he regularly worked such

14   overtime.  Croghan's allegations satisfy the requirement of a reasonable inference that he worked more

15   than 40 hours in a week on many occasions.  No more is required.

16      Plaintiffs in wage and hour cases "cannot be expected to allege 'with mathematical precision'

17   the amount of overtime compensation owed by the employer. . . ."  Landers v. Quality Commc'ns,

18   Inc., 771 F.3d 638, 646 (9th Cir. 2014), as amended (Jan. 26, 2015).  "Detailed factual allegations

19   regarding the number of overtime hours worked are not required to state a plausible claim."  Id. at 644.

20   Rather, plaintiffs "should be able to allege facts demonstrating there was at least one workweek in

21   which they worked in excess of forty hours and were not paid overtime wages. *Dejesus*, 726 F.3d at

22   90."  Id.  They "must provide sufficient detail about the length and frequency of their unpaid work to

23   **support a reasonable inference** that they worked more than forty hours in a given week."  Nakahata

24   v. N.Y.-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201 (2d Cir. 2013) (emphasis added).

25      Accordingly, in Landers, 771 F.3d at 646, the court rejected a bare allegation that the plaintiff:

26      [was] entitled to a minimum wage and an overtime hourly wage of time and one-half
27      [his] regular hourly wage for all hours worked in excess of forty hours per week, the
        named plaintiff ... worked more than 40 hours per week for the defendants, and the
28      defendants willfully failed to make said overtime and/or minimum wage payments.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

In particular, the court noted that this pleading failed to provide sufficient detail to create the reasonable inference required by <u>Nakahata</u>.  <u>Id.</u>  Rather, there the plaintiff "'merely alleged that [he was] not paid for overtime hours worked. . . .'"  <u>Id.</u>  The <u>Landers</u> court concluded that "[a]lthough these allegations 'raise the possibility' of undercompensation...a possibility is not the same as plausibility."  <u>Id.</u>  By contrast, Snap's "Sales Representative Agreement," appended to its Complaint as Exhibit 1 and incorporated by reference into Croghan's FAA (Countercl. ¶ 33), expressly contemplates that overtime is a "regular and normal part of" Croghan's job:

> Employee is hired on a full-time basis and shall apply all of his/her working time and energies to the performance of the job indicated above.
>
> It is agreed and understood that the hours that Employee is required to work will vary considerably and **will sometimes be more than 40 hours per week**. It is understood and agreed that **such work in excess of 40 hours per week is a regular and normal part of Employee's responsibilities** for which he/ she is compensated and does not in any way constitute overtime for which Employee will be entitled to receive additional compensation.
>
> (Compl., Ex. 1, ¶ 1 (emphasis added).)

The FAA additionally alleges Croghan regularly worked overtime and that Snap's failure to maintain adequate time records, per California Labor Code Section 1174(d), makes it difficult for him to calculate the amount of overtime owed.  (Countercl. ¶ 79.)  Snap has distorted the legal pleading standards that apply here in order to squeeze this case into a narrative that does not fit—contrary to Snap's story, here Croghan has sufficiently pled his claims and they are not ripe for disposition under Rule 12(b)(6).  Because Croghan's claims for unpaid minimum wages and overtime wages are sufficiently plausible and adequately pled, Snap's request that his fourth and fifth counterclaims be dismissed must be denied.

**E.      Croghan Has Adequately Pled A Derivative Claim for Waiting Time Penalties Pursuant to Cal. Labor Code Sections 201-203.**

Snap provides no authority that supports its contention that the eighth claim for relief should be dismissed because there simply is no authority that supports Snap's position.  Croghan's eighth claim for relief seeks to recover waiting time penalties under Labor Code Section 203.  This claim is wholly derivative of Croghan's underlying substantive wage and hour claims (meal periods, rest break, unpaid minimum wages and unpaid overtime) and each of the facts supporting the underlying substantive

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Labor Code violations is "realleged and incorporated…by reference" into the eighth cause of action.

The "'public policy in favor of full and prompt payment of an employee's earned wages is fundamental and well established,'" and provides the basis for waiting time penalties. Pineda v. Bank of Am., 50 Cal.4th 1389, 1400 (2010); Pena v. Taylor Farms Pacific, Inc., 2013 WL 5703505, at *3 (E.D. Cal., Oct. 15, 2013).  The waiting time penalties authorized by Labor Code Section 203 serve to "compel the prompt payment of [all] earned wages" by punishing willful failure to comply with Sections 201 or 202.  Id.  At the pleading stage, an employee-plaintiff pursuing a waiting penalty claim must simply "plead sufficient facts to support the plausibility of an employer's willfully delinquent or late payment of all wages due, with reference to the elements required by sections 201 or 202."  Pena, 2013 WL 5703505, at *3.

Croghan's claim for waiting time penalties is a derivative claim based on Croghan's causes of action for unpaid minimum wage and overtime.  If the Court finds these causes of action sufficiently pled, this derivative claim for waiting time penalties also survives.  See Dawson v. Hitco Carbon Composites, Inc., 2017 WL 7806561, at *4 (C.D. Cal. Aug. 3, 2017) (waiting time penalties claim is a derivative claim which survives motion to dismiss when predicate claim for unpaid minimum wage was adequately pled).

Even after Iqbal/Twombly "in federal courts, the sufficiency of a complaint is assessed within 'the liberal system of "notice pleading" set up by the Federal Rules.'" Id. at *8.  This standard is met where, as here, a claim for waiting time penalties is alleged sufficiently to allow the court "to draw the reasonable inference [that the] Defendant [was] liable under sections 201 and 203."  Id.  Accordingly, Snap's request seeking dismissal of the eighth counterclaim is not well-taken and must be denied.

**F.      Croghan Has Adequately Pled A Claim for Interference With His Leave of Absence Rights.**

Croghan's claim for interference with his leave of absence rights under State and federal law is adequately pled.  Croghan has pled upon information and belief that he was eligible for a leave of absence, as information concerning his eligibility is exclusively within Snap's control.  He has further pled upon information and belief that Snap was on constructive notice of his need for leave, since this information is also within Snap's exclusive control.  No more is required.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Opposition To Motion To Strike Affirmative Defenses And Dismiss Counterclaims
Case No. 5:18-cv-04686-LHK

Snap once again misstates the applicable legal standards in an effort to bolster its baseless motion.  Under both the Family and Medical Leave Act ("FMLA") and California Family Rights Act ("CFRA") Snap is a "covered employer" if it employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. 29 USC § 2611(4)(A)(i); 2 CCR § 11087(d).  The FAA alleges on information and belief that this is so (Countercl. ¶ 97), and it does not appear Snap is challenging this allegation.

Both statutes contain a separate definition for an eligible *employee*, generally requiring the employer to employ at least 50 individuals within 75 miles of "the worksite where that employee is employed."  29 C.F.R. § 825.110(a); Cal. Govt. Code § 12945.2(b).  However, an employee like Croghan who works remotely (75 miles or more from the employer's office) is eligible for leave if the office to which the employee reports, and from which assignments are made, has 50 or more employees working within 75 miles of its location.  29 CFR 825.111(a)(2).  That is, in determining whether an employee is eligible for protected leave "[a]n employee's personal residence is not a worksite in the case of employees, such as salespersons, who travel a sales territory and who generally leave to work and return from work to their personal residence, or employees who work at home, as under the concept of flexiplace or telecommuting. Rather, their worksite is the office to which they report and from which assignments are made."  29 CFR 825.111(c).  "[T]he determination of how many employees are employed within 75 miles of the worksite of an employee is based on the number of employees maintained on the payroll."  Id.

The FAA alleges, upon information and belief, that Croghan was eligible to take leave. (Countercl. ¶ 99.)  Croghan lacks sufficient information to allege any more than this at present. Information regarding the number of employees on Snap's payroll, within 75 miles of the office from where Croghan's assignments were made, is exclusively within Snap's control.  Even under the heightened pleading standard of Federal Rules of Civil Procedure Rule 9, where "relevant information is within the defendant's exclusive possession and control," a relaxed pleading standard is appropriate. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989) (affirming that Rule 9(b)'s particularity requirements "may be relaxed as to matters within the opposing party's knowledge"); United States ex rel. Vatan v. QTC Med. Servs., Inc., 721 F. App'x 662, 663 (9th Cir. 2018).

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Snap's allegation that Croghan "has personal knowledge of the number of persons Snap employed within seventy-five miles of Santa Cruz, California" is misleading and entirely irrelevant. (Dkt. 32, 17:12-14.)  First, Croghan was misclassified as an independent contractor during most of his tenure with Snap, and believes that many other sales representatives were also misclassified.  He has no way of knowing who was on Snap's payroll during the relevant time period, and/or who *should* have been on Snap's payroll.  Moreover, for purposes of protected leave of absence, Santa Cruz was not Croghan's worksite.  His worksite was the office from which his assignments were made, and Croghan has no personal knowledge of the number of employees within 75 miles of the location(s) from which he received work.  Croghan has pled as much information as he has at the present time.

Moreover, as clearly alleged in the FAA, Snap was on constructive notice of Croghan's need for leave, thus triggering its obligation to make leave available to him.  See Varese v. Clatsop Behavioral Healthcare, 2018 WL 1513271 at *6 (D. Or. 2018) (reasonable juror could conclude employer had constructive notice of need for leave); Byrne v. Avon Prods., Inc., 328 F.3d 379, 381-382 (7th Cir. 2003) (employer on constructive notice of need for FMLA leave); Saenz v. Harlingen Med. Ctr., L.P., 613 F.3d 576, 583-584 (5th Cir. 2010) (communications sufficiently apprised employer of need for time off).  Croghan alleges that he required a leave of absence to be with his daughter, who was hospitalized for seven months in Palo Alto, California.  (Countercl. ¶ 51.)  Croghan has alleged, upon information and belief, that Snap was aware of his need for leave and was thus obligated to make leave available.  (Countercl. ¶¶ 100-101.)  The remainder of the needed information is within Snap's control.  Moore, 885 F.2d at 540.  Again, Croghan's pleading is sufficient in this regard and Snap's challenge to the ninth claim for relief is baseless and must be denied.

### G.    Croghan Has Adequately Pled a Claim for Unfair Competition.

Snap's arguments concerning Croghan's claim under California's Unfair Competition Law ("UCL") lack merit.  Croghan has clearly pled a number of predicate unlawful acts in support of his unfair competition claim.

While ignoring the entirety of paragraph 109 of the FAA, Snap argues that Croghan has not identified a predicate unlawful act in support of his Business & Professions Code section 17200 claim.  Yet, paragraph 109 plainly identifies at least *eight* separate unlawful acts, all violations of the

- 24 -

California Labor Code.   (Countercl. ¶ 109.)   Each of these eight separate Labor Code violations alleged are sufficient on their own to support a claim under the "unlawful" prong of the UCL.  See O'Connor v. Uber Techs., Inc., 58 F. Supp. 3d 989, 1003 (N.D. Cal. 2014) (UCL claim properly based on violation of Labor Code sections 351 and 2802); Tan v. GrubHub, Inc., 171 F. Supp. 3d 998, 1010 (N.D. Cal. 2016) (UCL claim predicated on Labor Code violations.)  Indeed, if Snap is found to have violated the Labor Code, Croghan will be entitled to summary judgment of his UCL claim.  Ridgeway v. Wal-Mart Stores Inc., 2017 WL 363214 at *2 (N.D. Cal. 2017) (quoting Cortez v. Purolator Air Filtration Prods. Co., 23 Cal.4th 163, 178 (2000) ("[A]ny business act or practice that violates the Labor Code through failure to pay wages is, by definition (§ 17200), an unfair business practice.")).

The court in Ridgeway additionally explained:

> [T]he California Supreme Court has made clear that a violation of California's minimum wage law constitutes an unlawful business act or practice under the UCL and that payment of those wages is therefore available as a restitutionary remedy. See Sullivan v. Oracle Corp., 51 Cal. 4th 1191, 1206 (2011) ("the failure to pay legally required overtime [under California Labor Code §§ 510, 1194] falls within the UCL's definition of an 'unlawful ... business act or practice' ") (citing Cal. Bus. & Prof. Code § 17200; Cortez, 23 Cal. 4th at 177); Cortez, 23 Cal. 4th at 177 (an employer that has unlawfully withheld wages from an employee "has acquired the money ... by means of an unlawful practice that constitutes unfair competition as defined by section 17200").

Ridgeway, 2017 WL 363214, at *3.  Given that Croghan has adequately pled a UCL claim under the "unlawful" prong, Snap's motion to dismiss this counterclaim must be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion to Strike Affirmative Defenses and Dismiss Counterclaims in its entirety.

Dated: November 13, 2018                    ATKINSON, ANDELSON, LOYA, RUUD & ROMO


By:   /s/ Brian M. Wheeler
                 Brian M. Wheeler
                 Attorneys for Defendant and Counter-Claimant Paul Croghan

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333