UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| SNAP! MOBILE, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PAUL CROGHAN,<br><br>　　　　　Defendant. | Case No. 18-CV-04686-LHK<br><br>**ORDER GRANTING IN PART WITH PREJUDICE, GRANTING IN PART WITHOUT PREJUDICE, AND DENYING IN PART MOTION TO STRIKE; GRANTING WITHOUT PREJUDICE MOTION TO DISMISS**<br><br>Re: Dkt. No. 32 |

Before the Court is Plaintiff Snap! Mobile, Inc.'s ("Snap") motion to strike the affirmative defenses and to dismiss the counterclaims set forth in Defendant Paul Croghan's ("Croghan") First Amended Answer. ECF No. 32 ("Mot."). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS IN PART with prejudice, GRANTS IN PART without prejudice, and DENIES IN PART Snap's motion to strike. The Court also GRANTS without prejudice Snap's motion to dismiss Croghan's counterclaims.

## I.　　BACKGROUND

### A. Factual Background

Snap is a Delaware corporation with its principal place of business in Seattle, Washington.

1

Case No. 18-CV-04686-LHK
ORDER GRANTING IN PART WITH PREJUDICE, GRANTING IN PART WITHOUT PREJUDICE, AND
DENYING IN PART MOTION TO STRIKE; GRANTING WITHOUT PREJUDICE MOTION TO DISMISS

ECF No. 1 ("Compl.") ¶ 1. Snap developed an online donation platform to assist sports teams, coaches, and teachers to raise money through online donation campaigns. *Id.* ¶ 7. Snap makes its online donation platform available to teams, coaches, and teachers through its employees, including Snap's sales representatives. *Id.* ¶ 12.

Snap's complaint focuses on Snap's relationship with Defendant Croghan, a Santa Cruz, California resident who worked for Snap as an independent contractor starting in May 2014, and as an employee starting in July 2017 when Croghan signed a Sales Representative Agreement. *Id.* ¶¶ 2, 14–16. In the Sales Representative Agreement, Croghan promised not to use, disclose, or otherwise misappropriate Snap's confidential, proprietary, or trade secret information. *Id.* ¶ 32. According to Snap, Croghan quit suddenly on June 1, 2018, and commenced a relationship with a company that is attempting, with Croghan's assistance, to copy Snap's fundraising tools and approaches and to misappropriate Snap's trade secret information. *Id.* ¶¶ 30–57.

Croghan's allegations in the First Amended Answer ("FAA") focus on the alleged bad conduct of Snap in its capacity as Croghan's employer. For instance, Croghan alleges that Snap unilaterally converted Croghan from an independent contractor to an employee and that Croghan was threatened with termination if he did not sign the Sales Representative Agreement (the "Agreement") that governed the terms of his employment with Snap. ECF No. 27 ("FAA") at 17, 28, ¶ 32. Croghan alleges that at the time, Croghan was suffering immense emotional distress because of a rare chromosomal abnormality that required his daughter, born June 3, 2017, to remain hospitalized for the entire duration of her seven months of life. *Id.* at 17. Croghan further alleges that the Agreement contained invalid and unconscionable terms, including a provision that Snap is free to terminate Croghan's employment at will, but that Croghan must provide ten days' notice before he could terminate the employment relationship. *Id.* Croghan alleges that Snap failed to perform as required under the Agreement by failing to provide Croghan with the promised promotion. *Id.*

Croghan further alleges that despite his change to employee status in 2017, Croghan

2

continued to perform the same job duties he had performed as an independent contractor. *Id.* at 28 ¶ 34. Croghan alleges that Snap exercised control over Croghan at all times, including during his tenure as an independent contractor. *Id.* at 26–28, ¶¶ 9–27. During the period Croghan was classified as an independent contractor, Croghan alleges that he paid all of his own business expenses, was not provided compliant meal or rest periods, and was not paid minimum wages for all hours worked or overtime. *Id.* at 29–30, ¶¶ 39–43. Snap also failed to record Croghan's hours worked, failed to provide him accurate wage statements, failed to maintain accurate payroll records, and failed to pay Croghan all compensation due at termination. *Id.* at 29, ¶¶ 44–47. Croghan further alleges that in addition to violating California's wage and hour laws, Snap failed to provide Croghan with a leave of absence to be with his daughter in the hospital. *Id.* at 31, ¶¶ 50–53.

**B. Procedural History**

After Croghan ended his employment with Snap on June 1, 2018, Snap initiated the instant action against Croghan on August 3, 2018. *See* Compl. Snap brought five claims against Croghan: (1) trade secret misappropriation pursuant to the Defend Trade Secrets Act ("DTSA"); (2) trade secret misappropriation pursuant to the California Uniform Trade Secrets Act ("CUTSA"); (3) Breach of Contract; (4) Breach of Duty of Loyalty; and (5) violation of California Penal Code § 502. Compl. ¶¶ 58–98. Croghan filed his Answer on August 28, 2018. ECF No. 15.

On October 2, 2018, after meeting and conferring, the parties filed a stipulation for Croghan to amend his answer and counterclaims by October 12, 2018, ECF No. 25, which the Court granted, ECF No. 26. On October 12, 2018, Croghan filed his First Amended Answer ("FAA"). *See* FAA. In his FAA, Croghan included a "general denial" of the complaint stating that "[t]o the extent that any allegations in the Complaint have not been specifically admitted or denied, they are hereby denied." *Id.* at 15. Croghan also asserted that "by alleging the Affirmative Defenses set forth below, Croghan does not agree or concede that he bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part." *Id.* at 15.

Croghan asserted sixteen affirmative defenses, which Croghan titled as follows: (1) Failure to Mitigate; (2) Actions of Plaintiff and Third Parties; (3) Consent; (4) Offset; (5) Waiver, Relinquishment, Abandonment, and Estoppel; (6) Spoliation; (7) Unjust Enrichment; (8) Failure to Perform; (9) Excuse; (10) Unclean Hands; (11) Contractual Bar; (12) Invalidity and Unenforceability; (13) No Fiduciary Duty; (14) Employee Safe Harbor; (15) Permission; and (16) Additional Defenses. *Id.* at 16–25.

Croghan also brought ten counterclaims: (1) violation of California Labor Code § 2802 ("Unreimbursed Business Expenses"); (2) violation of California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 4 ("Missed Meal Period"); (3) violation of California Labor Code §§ 226.7, and IWC Wage Order No. 4 ("Missed Rest Period"); (4) violation of California Labor Code §§ 1182.11, 1182.12, and 1197, and IWC Wage Order No. 4 ("Failure to Pay Minimum Wage"); (5) violation of California Labor Code § 510, and IWC Wage Order No. 4 ("Failure to Pay Overtime"); (6) violation of California Labor Code § 226, and IWC Wage Order No. 4 ("Employee Itemized Wage Statement"); (7) violation of California Labor Code § 1174, and IWC Wage Order No. 4 ("Payroll Records"); (8) violation of California Labor Code §§ 201–02 ("Compensation Upon Termination"); (9) violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, and the California Family Rights Act ("CFRA"), California Government Code § 12945.2; and (10) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*. *Id.* at 32–40.

On October 29, 2018, Snap filed the instant motion to strike the affirmative defenses and to dismiss the counterclaims set forth in Croghan's FAA. *See* Mot. at 32. Croghan opposed on November 13, 2018. ECF No. 34 ("Opp'n"). Snap replied on November 20, 2018. ECF No. 39 ("Reply").

## II. LEGAL STANDARD

### A. Affirmative Defenses

Federal Rule of Civil Procedure 8(b)(1) requires a party to "state in short and plain terms

4

its defenses to each claim asserted against it." Rule 8(c) similarly requires that a party "affirmatively state any avoidance or affirmative defense." The United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), set a heightened "plausibility" pleading standard for complaints. This Court, as well as the vast majority of district courts, has held that the heightened pleading standard for complaints articulated in *Twombly* and extended to all civil complaints in *Iqbal* applies to affirmative defenses. *See Perez v. Gordon & Wong Law Group, P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *8 (N.D. Cal. March 26, 2012) (collecting cases). "This standard 'serve[s] to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted.'" *Id.* (quoting *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program,* 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010)). "This standard is also consistent with *Iqbal*'s admonition that fair notice pleading under Rule 8 is not intended to give parties free license to engage in unfounded fishing expeditions on matters for which they bear the burden of proof at trial." *Id.* (citing *Iqbal*, 556 U.S. at 678–79). Therefore, "[w]hile a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Id.* (internal quotation marks omitted). In order to satisfy Rule 8, "a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." *Id.* at *8 (citing *Dion v. Fulton Friedman & Gullace LLP*, No. 11-2727 SC, 2012 WL 160221, at *2 (N.D. Cal. Jan.17, 2012)).

**B. Motion to Strike**

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A Rule 12(f) motion to strike serves "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *SidneyVinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *see also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524,

1527 (9th Cir. 1993), *rev'd on other grounds,* 510 U.S. 517 (1994). A defense may be stricken as insufficient if it fails to give plaintiff "fair notice" of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *see generally* Fed. R. Civ. P. 8. A court may also strike from an answer matter that is immaterial, i.e., "that which has no essential or important relationship to the claim for relief or the defenses being plead," or matter that is impertinent, i.e., that which does not pertain, and is not necessary, to the issues in question. *Fantasy*, 984 F.2d at 1527. Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation" or "unless prejudice would result to the moving party from denial of the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations omitted). "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Id.* (citations omitted). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Id.* "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of N.Y. Mellon*, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

### C. Motion to Dismiss

A motion to dismiss a counterclaim brought pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint. *See, e.g.*, *Boon Rawd Trading Inter'l v. Paleewong Trading Co.*, 688 F. Supp. 2d 940, 947 (N.D. Cal. 2010). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

6

the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Thus, the Court "may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### D. Leave Amend

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly

7

be cured by the allegation of other facts." *Id*. at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Nonetheless, a court may in its discretion "deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party. . . , [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III.  DISCUSSION

### A.  Snap's Motion to Strike

Snap moves to strike Croghan's general denial and assertion in Croghan's FAA that a defendant does not bear the burden of proof on affirmative defenses. Mot. at 6–7. Snap also moves to strike fifteen of the sixteen affirmative defenses in Croghan's FAA. *See* Mot. at 7–13. The Court will address Snap's motion to strike the general denial and burden assertion, as well as each affirmative defense in turn. For the reasons given below, the Court GRANTS IN PART with prejudice, GRANTS IN PART without prejudice, and DENIES IN PART Snap's motion to strike.

### 1.  General Denial

Snap argues first that the Court should strike Croghan's general denial, which states—after Croghan specifically admitted or denied each of the allegations of the complaint—that "Croghan generally denies any liability to [Snap]. To the extent that any allegations in the Complaint have not been specifically admitted or denied, they are hereby denied." FAA at 15. Snap challenges this general denial as being noncompliant with Federal Rule of Civil Procedure 8(b)(3). Rule 8(b)(3) provides that "[a] party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted."

The Court finds that Croghan's general denial is proper. Croghan's general denial alerted Snap that any allegation not specifically admitted is denied, which is compliant with Rule 8(b)(3). It is of no consequence under Rule 8(b)(3) that Croghan also specifically responded to each allegation. *See, e.g.*, *Vreeland v. First Savings Bank*, No. 15-CV-0993 LAM/SMV, 2016 WL

8

3460761, at *2 (D.N.M. Feb. 5, 2016) ("Further, the fact that FSB also responded to each allegation does not negate the effect of the general denial."); *Northern New Mexicans Protecting Land Water and Rights v. United States*, No. CIV 15-0559 JB/LF, 2015 WL 8329509, at *11 (D.N.M. Dec. 4, 2015) ("Here, not only do the Defendants specifically respond to each allegation, but they also include a general denial in accordance with [R]ule 8(b)(3)."). The Court therefore DENIES Snap's motion to strike Croghan's general denial.

### 2. Burden Assertion

Snap second argues that the Court should strike Croghan's statement in the FAA that "by alleging the Affirmative Defenses set forth below, Croghan does not agree or concede that he bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part." Mot. at 7 (citing FAA at 15). Croghan responds that he agrees that he bears the burden of proof on his affirmative defenses at trial. *See* Opp'n at 5–6; *see also, e.g.*, *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *7 (N.D. Cal. Mar. 26, 2012) ("The defendant bears the burden of proof on an affirmative defense, in the same way that the plaintiff bears the burden of proof on a claim for relief."). Croghan clarifies that he meant that to the extent some of the defenses are actually denials[1] of elements of Snap's claims, Snap will continue to bear the burden of proof. However, as it is written, Croghan's burden statement does not make this point clear. Therefore, the Court GRANTS Snap's motion to strike with leave to amend so that Croghan can clarify exactly what he means by his burden paragraph.

### 3. Affirmative Defense #1: Failure to Mitigate

Snap argues third that the Court should strike Croghan's first affirmative defense entitled "Failure to Mitigate" for being factually insufficient pursuant to *Twombly/Iqbal*. Mot. at 7–8. Croghan responds that "[c]ourts have typically held that a generalized statement meets defendant's pleading burden with respect to the affirmative defense of damage mitigation." Opp'n at 6–7

---

[1] As discussed below, the Court construes some of the affirmative defenses as denials. *See* Section III.A.5.

United States District Court
Northern District of California

(quoting *Nomadix, Inc. v. Guest-Tek Interactive Entertainment LTD*, No. CV 16-08033-AB (FFMx), 2017 WL 7275391, at *7 (C.D. Cal. Nov. 30, 2017)); *see also Horton v. NeoStrata Co., Inc.*, No. 3:16-CV-02189-AJB-JLB, 2017 WL 2721977, at *12 (S.D. Cal. Jun. 22, 2017) ("[W]here discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts.").

The Court finds that Croghan's mitigation defense is insufficiently pled. Although a generalized statement may be sufficient for purposes of pleading a mitigation defense, the Court agrees with Snap that Croghan fails to make even a generalized statement that Snap failed to mitigate. Indeed, Croghan's factual assertions, as alleged, have nothing to do with mitigation. Croghan says only that paragraphs 41–43 of the complaint, which discuss Croghan having taken the Branham High School football client from Snap, are erroneous because the YouTube video that Snap references in support of its allegation is "of the Santa Clara High School Football Team, which is still a customer of Snap." FAA at 16. Second, Croghan alleges that the complaint "fails to allege as to how Snap has been damaged by Croghan's legitimate de-duplication efforts of Campaign Data." *Id.* Third, Croghan alleges that "[d]iscovery in this matter has not yet begun," and therefore "Croghan reserves all rights to introduce other evidence and testimony gathered throughout this case." *Id.* Because none of these allegations relate to mitigation, the Court finds Croghan's mitigation defense insufficient, and therefore GRANTS Snap's motion to strike this defense. However, because granting Croghan an additional opportunity to amend would not be futile, cause undue delay, or unduly prejudice Snap, and because Croghan has not acted in bad faith, the Court grants leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

### 4. Affirmative Defense #2: Actions of Plaintiff and Third Parties

Snap argues next that the Court should strike Croghan's second affirmative defense entitled "Actions of Plaintiff and Third Parties," which is focused on comparative fault,[2] because it

---

[2] "The terms contributory negligence, comparative negligence, and comparative fault describe the same affirmative defense. California courts typically use the terms comparative fault and comparative negligence as synonyms, often using the term contributory negligence as well."

Case No. 18-CV-04686-LHK
ORDER GRANTING IN PART WITH PREJUDICE, GRANTING IN PART WITHOUT PREJUDICE, AND DENYING IN PART MOTION TO STRIKE; GRANTING WITHOUT PREJUDICE MOTION TO DISMISS

is not a defense to any of Snap's claims, including the breach of contract claim and the trade secret misappropriation claims. Mot at 8. The Court declines to strike Croghan's second defense.

As an initial matter, the case that Snap cites, *Ansari v. Electronic Document Processing, Inc.*, does not support Snap's argument. *See* Mot. at 8 (citing No. 5:12-CV-01245-LHK, 2012 WL 3945482, at *6 (N.D. Cal. Sept. 10, 2012)). In that case, this Court explicitly stated that because it found that the comparative negligence defense was insufficiently pled, it would decline to decide whether the defense was immaterial. 2012 WL 3945482, at *6. Moreover, the Court is persuaded by the case law cited by Croghan that Croghan may be able to assert this defense as a defense to Snap's breach of contract. *See, e.g.*, *Straub*, 201 WL 1965621, at *3 (denying a motion to strike the comparative fault affirmative defense asserted against a breach of contract claim). Therefore, viewing the allegations in the FAA in the light most favorable to Croghan, the Court concludes that Snap has failed to establish that Croghan's second affirmative defense is clearly insufficient as a matter of law. *See Platte Anchor Bolt, Inc.*, 352 F. Supp. 2d at 1057 (noting that motions to strike are disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation"). Further, the Court concludes that Snap has failed to demonstrate that a comparative fault defense has no possible bearing on the subject matter of this litigation, or that it will suffer prejudice if the motion to strike is not granted. *See id.* ("If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion."). Accordingly, Snap's motion to strike Croghan's second affirmative defense is DENIED.

## 5. Affirmative Defense #3: Consent

Next, Snap argues that Croghan's third affirmative defense of consent is not an affirmative defense, but rather a denial of the elements of Snap's trade secret misappropriation claims. Mot. at 8–9. Croghan does not dispute that its third affirmative defense of consent constitutes a denial of

---

*F.D.I.C. v. Straub*, No. 11-03295 SBA, 2012 WL 1965621, at *2, n.1 (N.D. Cal. May 31, 2012) (citing *Sagadin v. Ripper*, 175 Cal. App. 3d 1141, 1161 n.8 (1985)).

Case No. 18-CV-04686-LHK
ORDER GRANTING IN PART WITH PREJUDICE, GRANTING IN PART WITHOUT PREJUDICE, AND DENYING IN PART MOTION TO STRIKE; GRANTING WITHOUT PREJUDICE MOTION TO DISMISS

Snap's trade secret misappropriation claims (both DTSA and CUTSA). Opp'n at 8. However, Croghan argues that the Court should deny Snap's motion to strike this affirmative defense and instead construe Croghan's consent defense as a denial as to the DTSA and CUTSA claims. *Id.* at 5.

The Court DENIES Snap's motion to strike the consent defense and construes the defense as a denial. "The few authorities to address the subject have held that denials that are improperly pled as defenses should *not* be stricken." *Smith v. Wal-Mart Stores*, No. C 06-2069 SBA, 2006 WL 2711468, at *9 (N.D. Cal. Sept. 20, 2006). Rather, "[t]he federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled." *Id.* at *9–10 ("[A] defendant occasionally may label his negative averment as an affirmative defense rather than a specific denial. . . . If plaintiff has been given 'plain notice' of the matters to be litigated which is all the federal pleading rules require, he should be put to this proof irrespective of any error by defendant regarding terminology." (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1269 (2d ed. 1990))); *see also Gilmore v. Liberty Life Assurance Co. of Boston*, No. C 13-0178 PJH, 2013 WL 12147724, at *1 (N.D. Cal. Apr. 19, 2013) (denying motion to strike affirmative defenses that "as a technical matter" were "not proper affirmative defenses, and instead [were] mere denials of liability," because "no prejudice would result from allowing the defenses to remain as pled").

Here, Snap itself acknowledges that it understands Croghan's consent defense applies to the DTSA and CUTSA trade secret misappropriation claims. Therefore, Snap has been given plain notice of the matters to be litigated, and there is therefore no prejudice to Snap if this Court construes Croghan's third defense as a denial of the DTSA and CUTSA claims. Accordingly, the Court DENIES Snap's motion to strike the consent defense to the extent Croghan's third defense applies to the DTSA and CUTSA claims. However, the Court agrees with Snap that the FAA discusses consent as a defense *only* to the trade secret misappropriation claims. Therefore, the Court GRANTS Snap's motion to strike to the extent Croghan is attempting to bring the consent

12

defense against Snap's other claims. Because granting Croghan an additional opportunity to amend would not be futile, cause undue delay, or unduly prejudice Snap, and because Croghan has not acted in bad faith, the Court grants leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

### 6. Affirmative Defense #4: Offset

Snap next argues that the Court should strike Croghan's fourth affirmative defense for offset, which states that "Croghan is entitled to offset and recoup against any judgment that may be entered for Snap by all obligations of Snap owing to Croghan," because it is not a defense and is repetitive of the counterclaims. Mot. at 9. Snap provides no legal support for its argument. Croghan responds with authority stating that offset is an affirmative defense and can be raised as an affirmative defense even if it repeats allegations in the counterclaim. *See* Opp'n at 8–9; *see, e.g.*, *Jacobson v. Persolve, LLC*, No. 14-CV-00735-LHK, 2014 WL 4090809, at *9 (N.D. Cal. Aug. 19, 2014) (denying motion to strike offset defense); *Rahman v. San Diego Accounts Service*, 16-CV-2061-JLS (KSC), 2017 WL 1387206, at *4 (S.D. Cal. Apr. 18, 2017) ("Defendant specifically argues that 'any recovery' should be offset by 'the amount owed to Defendant resulting from the valid medical debt from which this dispute arose.' . . . The Court concludes that this is sufficient to plausibly state an affirmative defense for offset." (emphasis omitted)); *SuperMedia LLC v. Law Firm of Asherson*, No. LA CV12-03834 JAK (RZx), 2013 WL 12114831 (C.D. Cal. Mar. 6, 2013) ("The motion to strike the seventh ('Offset') affirmative defense is denied. Although this defense repeats allegations in the counterclaim, it may also be raised as an affirmative defense.").

Therefore, viewing the allegations in the FAA in the light most favorable to Croghan, the Court concludes that Snap has failed to establish that Croghan's fourth affirmative defense should be stricken, or that Snap will suffer prejudice if the motion to strike is not granted. *See Platte Anchor Bolt, Inc.*, 352 F. Supp. 2d at 1057 (noting that motions to strike are disfavored and that "[i]f there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion."). Accordingly, Snap's motion to strike Croghan's fourth

affirmative defense is DENIED.

### 7. Affirmative Defense #5: Waiver, Relinquishment, Abandonment, and Estoppel

Snap argues that the Court should strike Croghan's fifth affirmative defense of waiver, relinquishment, abandonment, and estoppel because Croghan's affirmative defense is factually insufficient. Mot. at 9–10. Snap also argues that Croghan's fifth affirmative defense is not an affirmative defense, but rather a denial of the elements of Snap's trade secret misappropriation claims. Reply at 4.

The Court disagrees. First, Croghan's allegations are sufficient. Croghan alleges that any trade secret protection has been waived by Snap's disclosure of Snap's TSI program to Croghan and other employees without any non-disclosure agreement. Second, both parties appear to agree these allegations negate the DTSA and CUTSA claims. Therefore, the Court construes Croghan's fifth affirmative defense as a denial of the DTSA and CUTSA claims. "The few authorities to address the subject have held that denials that are improperly pled as defenses should *not* be stricken." *Smith*, 2006 WL 2711468, at *9. Rather, "[t]he federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled." *Id.* at *9–10; *see also Gilmore*, 2013 WL 12147724, at *1 (denying motion to strike affirmative defenses that "as a technical matter" were "not proper affirmative defenses, and instead [were] mere denials of liability," because "no prejudice would result from allowing the defenses to remain as pled"). Accordingly, the Court DENIES Snap's motion to strike the fifth affirmative defense.

### 8. Affirmative Defense #6: Spoliation

Snap argues that the Court should strike Croghan's sixth affirmative defense of spoliation because it is not a defense. Mot. at 10. Snap provides no legal support for its argument. Therefore, viewing the allegations in the FAA in the light most favorable to Croghan, the Court concludes that Snap has failed to establish that Croghan's sixth affirmative defense should be stricken, or that Snap will suffer prejudice if the motion to strike is not granted. *See Platte Anchor Bolt, Inc.*,

United States District Court
Northern District of California

352 F. Supp. 2d at 1057 (noting that motions to strike are disfavored and that "[i]f there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion."). Indeed, Croghan's defense makes clear that Croghan is asserting that Snap altered or damaged evidence related to the Campaign Data table to bolster Snap's own assertion that Croghan had deleted certain Campaign Data from Snap's network. Accordingly, Snap's motion to strike Croghan's sixth affirmative defense is DENIED.

### 9. Affirmative Defense #7: Unjust Enrichment

Snap argues that the Court should strike Croghan's seventh affirmative defense of unjust enrichment because unjust enrichment is a claim, not an affirmative defense. Mot. at 10. Snap also argues that the FAA's description of unjust enrichment is redundant and "parrots the counterclaims." Reply at 4–5. Snap cites no legal authority in support of its argument. Croghan responds with authority denying a motion to strike the affirmative defense of unjust enrichment. S*ee* Opp'n at 10–11; *see, e.g.*, *Kuang Xuan Liu v. Win Woo Trading, LLC*, No. 14-CV-02639-KAW, 2014 WL 7140514, at *3 (N.D. Cal. Dec. 12, 2014) ("Defendants' sixth affirmative defense is that unjust enrichment bars some or all of Plaintiffs' claims, because, should they recover, they would receive a higher hourly wage then they were paid . . . Thus, the Court declines to strike the sixth affirmative defense.").

Therefore, viewing the allegations in the FAA in the light most favorable to Croghan, the Court concludes that Snap has failed to establish that Croghan's seventh affirmative defense should be stricken, or that Snap will suffer prejudice if the motion to strike is not granted. *See Platte Anchor Bolt, Inc.*, 352 F. Supp. 2d at 1057 (noting that motions to strike are disfavored and that "[i]f there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion."). Accordingly, Snap's motion to strike Croghan's seventh affirmative defense is DENIED.

### 10. Affirmative Defense #8: Failure to Perform

Snap argues that the Court should strike Croghan's eighth affirmative defense—failure to

15

perform—for being implausible and insufficient under *Twombly/Iqbal*. Mot. at 10–11. Specifically, Snap takes issue with the fact that Croghan's affirmative defense asserts that Snap failed to perform under the Sales Representative Agreement by not giving Croghan a promotion because, according to Snap, that is not a plausible reading of the Agreement. Reply at 8–9.

The Court disagrees. The language of the Sales Representative Agreement provides that the "Employee is commencing employment with *and/or* being promoted by the Employer. *See* Compl., Ex. 1 (emphasis added). Snap's reading of this text ignores the "and/or being promoted by the Employer" language, which, understood by its plain meaning, means that it is plausible that the Sales Representative Agreement between Snap and Croghan could have been promising a promotion in addition to commencing employment. Moreover, any ambiguity should be construed in favor of Croghan, the employee. *See, e.g.*, *Sandquist v. Lebo Automotive, Inc.*, 1 Cal. 5th 233, (2016) ("[W]here, as here, the written agreement has been prepared entirely by the employer, it is a 'well established rule of construction' that any ambiguities must be construed against the drafting employer and in favor of the nondrafting employee.").

Accordingly, the Court DENIES Snap's motion to strike Croghan's failure to perform defense because it is appropriately asserted against Snap's breach of contract claim. However, the Court agrees with Snap that the failure to perform defense does not apply to the trade secrets misappropriation or California Penal Code claims. Therefore, the Court GRANTS Snap's motion to strike to the extent Croghan is attempting to bring the failure to perform defense against those claims. Because granting Croghan an additional opportunity to amend would not be futile, cause undue delay, or unduly prejudice Snap, and because Croghan has not acted in bad faith, the Court grants leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

### 11. Affirmative Defense #9: Excuse

Snap next argues that the Court should strike Croghan's ninth affirmative defense of excuse because excuse is not a defense. Mot. at 11. Snap provides no legal authority in support of its argument. Croghan responds that excuse is a defense to a breach of contract. *See* Opp'n at 12;

*see, e.g.*, *FNBN Rescon I, LLC v. Citrus El Dorado, LLC*, 725 F. App'x 448, 451 (9th Cir. 2018)

("Under California law, if one contracting party prevents the other from performing a condition

precedent, the party is subject to the condition is excused from performing it." (citing *Parsons v.*

*Bristol Dev. Co.*, 62 Cal. 2d 861, 868–69 (1965) and *City of Hollister v. Monterey Ins. Co.*, 165

Cal. App. 4th 455, 490 (2008)).

Viewing the allegations in the FAA in the light most favorable to Croghan, the Court

concludes that Snap has failed to establish that Croghan's ninth affirmative defense should be

stricken, or that Snap will suffer prejudice if the motion to strike is not granted. *See Platte Anchor*

*Bolt, Inc.*, 352 F. Supp. 2d at 1057 (noting that motions to strike are disfavored and that "[i]f there

is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court

should deny the motion."). Accordingly, the Court DENIES Snap's motion to strike the excuse

defense to the extent Croghan's ninth defense applies to the breach of contract claim. However,

the Court agrees with Snap that the FAA discusses consent as a defense only to the breach of

contract claim. Therefore, the Court GRANTS Snap's motion to strike to the extent Croghan is

attempting to bring the excuse defense against Snap's other claims. Because granting Croghan an

additional opportunity to amend would not be futile, cause undue delay, or unduly prejudice Snap,

and because Croghan has not acted in bad faith, the Court grants leave to amend. *See Leadsinger,*

*Inc.*, 512 F.3d at 532.

### 12. Affirmative Defense #10: Unclean Hands

Snap argues that the Court should strike Croghan's tenth affirmative defense for unclean

hands because it is repetitive of the counterclaims and—as Snap has already argued—is based on

reading of the Sales Representative Agreement as having promised Croghan a promotion. The

Court rejects Snap's argument with regards to the Sales Representative Agreement for the reasons

given in Section III.A.8. *See also, e.g.*, *Adler v. Fed. Rep. of Nigeria*, 219 F.3d 869, 877 (9th Cir.

2000) ("In California, the unclean hands doctrine applies not only to equitable claims, but also to

legal ones."); *Infor Global Solutions (Michigan), Inc. v. St. Paul Fire & Marine Ins. Co.*, No. C

United States District Court
Northern District of California

08-02621 JW, 2009 WL 5909255, at *2 (N.D. Cal. Oct. 21, 2009) ("Defendant may properly assert the affirmative defense of unclean hands in this [breach of contract] action."); *Meggitt (Orange County), Inc. v. Yongshong*, No. SA CV 13-0239-DOC (DFMx), 2015 WL 12743862, at *2–3 (C.D. Cal. Feb. 12, 2015) (denying motion to strike affirmative defense of unclean hands in trade secret misappropriation action).

As for Snap's position that Croghan's unclean hands defense is redundant, Snap provides no case law in support of its argument that the Court must strike the unclean hands defense. Therefore, viewing the allegations in the FAA in the light most favorable to Croghan, the Court concludes that Snap has failed to establish that Croghan's tenth affirmative defense should be stricken, or that Snap will suffer prejudice if the motion to strike is not granted. *See Platte Anchor Bolt, Inc.*, 352 F. Supp. 2d at 1057 (noting that motions to strike are disfavored and that "[i]f there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion."). Accordingly, Snap's motion to strike Croghan's tenth affirmative defense is DENIED.

### 13. Affirmative Defense #11: Contractual Bar

Snap next challenges Croghan's eleventh affirmative defense, which alleges that "Snap is contractually barred from recovering any incidental, consequential, special, punitive, or other indirect damages from Croghan . . . [because] the Agreement is a contractual bar to the tort claims asserted against Croghan for the same conduct as the alleged cause of action for Breach of Contract." Mot. at 11–12 (citing FAA at 23). In other words, Croghan's affirmative defense invokes the economic loss doctrine and the fact that Snap may not bring a tort claim for a risk that has been allocated by a contract. *See, e.g.*, *BNSF Ry. Co. v. San Joaquin Valley R. Co.*, No. 1:08-CV-01086-AWI-SMS, 2011 WL 3328398, at *5 (E.D. Cal. Aug. 2, 2011) ("A person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations") (citing California law); *see also Erlich v. Menezes*, 21 Cal. 4th 545, 552 (1999) ("[C]ourts will generally enforce the breach of a contractual promise through contract law, except when the

18

1    actions that constitute the breach violate a social policy that merits the imposition of tort

2    remedies." (citation omitted)).

3        The Court DENIES Snap's motion to strike the eleventh affirmative defense. Both parties

4    appear to agree that this affirmative defense may apply to the breach of the duty of loyalty claim.

5    *See* Mot. at 12; *see also* Opp'n at 13. Snap has provided no further argument or authority as to

6    why the Court should strike this affirmative defense. Moreover, Croghan has cited to case law

7    supporting an economic loss doctrine affirmative defense to breach of duty of loyalty claims. *See,*

8    *e.g.*, *AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.,* 28 Cal. App. 5th 923, 941 (2018)

9    ("AMN's attempt to turn a garden-variety contract cause of action against Wallace into a tort-

10   based breach of duty of loyalty cause of action fails as a matter of law.").

11   **14. Affirmative Defense #12: Invalidity and Unenforceability**

12       Snap argues the Court should strike Croghan's twelfth affirmative defense—invalidity and

13   unenforceability[3] of the Sales Representative Agreement—because it is repetitive of the

14   counterclaims and because the Sales Representative Agreement has a severability clause, so

15   therefore "it is implausible that partial invalidity would invalidate the entire contract." Mot. at 12.

16   Snap provides no authority in support of its position. Croghan responds that he has plausibly pled

17   invalidity and unenforceability and cites to *Armendariz v. Foundation Health Psychcare Servs.,*

18   *Inc.*, 24 Cal. 4th 83, 114 (2000), in support. Opp'n at 14.

19       In *Armendariz*, the Supreme Court of California explained that "unconscionability has both

20   a procedural and a substantive element, the former focusing on oppression or surprise due to

21   unequal bargaining power, the latter on overly harsh or one-sided results." 24 Cal. 4th at 114

22   (quotation marks and citation omitted). Applying those principles, the California Supreme Court

23   found that the procedural element of unconscionability was met when the agreement at issue was

24   "imposed on the employees as a condition of employment and there was no opportunity to

25

26   _____

27   [3] The parties use the terms "invalidity," "unenforceability," and "unconscionability" interchangeably.

28   Case No. 18-CV-04686-LHK
     ORDER GRANTING IN PART WITH PREJUDICE, GRANTING IN PART WITHOUT PREJUDICE, AND
     DENYING IN PART MOTION TO STRIKE; GRANTING WITHOUT PREJUDICE MOTION TO DISMISS

negotiate." *Id.* at 114–15. The California Supreme Court further held that the substantive element of unconscionability was met where there was a lack of mutuality in the obligations of the employees and the employer. *Id.* at 115–18.

Here, based on the *Armendariz* case, the Court finds that Croghan has plausibly pled invalidity. First, Croghan has plausibly pled the procedural element because Croghan alleges that the Sales Representative Agreement was imposed on Croghan by way of threat. *See* FAA at 23 ("Snap pressured Croghan to sign the alleged Employment Agreement in July 2017, even going so far as to threaten to terminate Croghan if he did not sign the Employment Agreement."). Second, Croghan has plausibly pled the substantive element of overly harsh or one-sided results because he has alleged a lack of mutuality in his and Snap's obligations. *See id.* ("Moreover, the Employment Agreement contains invalid and/or unconscionable terms, including the provision that Snap is free to terminate Croghan's employment at-will, with or without cause, but that Croghan must provide ten days' notice before he can terminate the employment relationship."). Therefore, Croghan has plausibly pled invalidity and unenforceability.

As to Snap's argument that the Sales Representative Agreement has a severability clause and therefore "it is implausible that partial invalidity would invalidate the entire contract," Snap has failed to provide any further argument or legal authority to support this argument. Nor has Snap explained why this argument means that the Court must strike Croghan's defense. Moreover, as the California Supreme Court in *Armendariz* explained, even if the contract has a severability clause, the court has "some discretion as to whether to sever or restrict the unconscionable provision or whether to refuse to enforce the entire agreement." 24 Cal. 4th at 122–25. Accordingly, the Court rejects Snap's argument and DENIES Snap's motion to strike the twelfth affirmative defense.

### 15. Affirmative Defense #13: No Fiduciary Duty

Snap argues that Croghan's thirteenth affirmative defense of no fiduciary duty is not an affirmative defense, but rather a denial of the elements of Snap's breach of duty of loyalty claim.

20

Case No. 18-CV-04686-LHK
ORDER GRANTING IN PART WITH PREJUDICE, GRANTING IN PART WITHOUT PREJUDICE, AND
DENYING IN PART MOTION TO STRIKE; GRANTING WITHOUT PREJUDICE MOTION TO DISMISS

Mot. at 12. The Court construes Croghan's thirteenth affirmative defense as a denial of the breach of the duty of loyalty claim. "The few authorities to address the subject have held that denials that are improperly pled as defenses should *not* be stricken." *Smith*, 2006 WL 2711468, at *9. Rather, "[t]he federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled." *Id.* at *9–10; *see also Gilmore*, 2013 WL 12147724, at *1 (denying motion to strike affirmative defenses that "as a technical matter" were "not proper affirmative defenses, and instead [were] mere denials of liability," because "no prejudice would result from allowing the defenses to remain as pled"). Here, Snap itself acknowledges that it understands Croghan's permission defense applies to the breach of duty of loyalty claim. Therefore, Snap has been given plain notice of the matters to be litigated, and there is no prejudice to Snap if this Court construes Croghan's thirteenth affirmative defense as a denial of the breach of duty of loyalty claim. Accordingly, the Court DENIES Snap's motion to strike the thirteenth defense.

### 16. Affirmative Defense #15: Permission

Snap argues that Croghan's fifteenth affirmative defense asserting "permission" is not an affirmative defense, but rather a denial or an argument that Snap will not meet its burden of proof. Mot. at 12; Reply at 4. The Court follows the authority that holds that denials improperly pled as defenses should not be stricken. The Court instead construes Croghan's fifteenth affirmative defense as a denial of Snap's violation of California Penal Code § 502 claim. *See Smith*, 2006 WL 2711468, at *9–10 ("The federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled."); *see also Gilmore*, 2013 WL 12147724, at *1 (denying motion to strike affirmative defenses that "as a technical matter" were "not proper affirmative defenses, and instead [were] mere denials of liability," because "no prejudice would result from allowing the defenses to remain as pled"). Here, Croghan's affirmative defense specifically states that it applies to the California Penal Code § 502 claim. Therefore, Snap has been given plain notice of the matters to be litigated. Further,

United States District Court
Northern District of California

Snap has provided no explanation of how it would be prejudiced if this Court construes Croghan's fifteenth affirmative defense as a denial of the California Penal Code § 502 claim. Accordingly, the Court DENIES Snap's motion to strike the fifteenth defense.

### 17. Affirmative Defense #16: Additional Defenses

Finally, Snap argues that the Court should strike Croghan's sixteenth affirmative defense, which asserts that Croghan "may have other separate and additional defenses of which it is presently unaware," and that Croghan therefore "hereby reserves the right to assert such additional defenses as discovery warrants." Mot. at 12–13. Croghan does not respond. *See* Opp'n. The Court GRANTS Snap's motion to strike Croghan's "additional defenses" defense with prejudice. *See, e.g.*, *Solis v. Zenith Capital, LLC*, No. C 08-4854-PJH, 2009 WL 1324051 (N.D. Cal. May 8, 2009) ("An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself.").

### B. Snap's Motion to Dismiss

Snap also moves to dismiss seven of the ten counterclaims set forth in Croghan's FAA. The Court addresses Snap's motion to dismiss as to each counterclaim below. For the reasons given below, the Court GRANTS without prejudice Snap's motion to dismiss Croghan's counterclaims.

### 1. Counterclaim #1: Unreimbursed Business Expenses

Croghan's first counterclaim asserts a right to recover for Snap's violations of California Labor Code § 2802, which provides that Snap was required to reimburse Croghan's business related expenses during Croghan's employment with Snap. *See* FAA at 32. Specifically, California Labor Code § 2802 provides:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

Snap argues that Croghan's § 2802 allegations are insufficient because Croghan does not

allege that Snap knew or should have known that Croghan incurred the business expenses. *See* Mot. at 13; *see, e.g.*, *Suart v. RadioShack Corp.*, 641 F. Supp. 2d 901, 904 (N.D. Cal. 2009) ("[F]or purposes of § 2802, before an employer's duty to reimburse is triggered, it must either know or have reason to know that the employee has incurred an expense."); *Brecher v. Citigroup Global Markets, Inc.*, No. 3:09-CV-1344 AJB (MDD), 2011 WL 3475299, at *8 (S.D. Cal. Aug. 8, 2011) ("Without more, the statement that 'necessary expenditures' were made without reimbursement is precisely the type of bare assertion and conclusory statement that the Supreme Court has held insufficient to survive a motion to dismiss.").

Croghan responds that Snap did have knowledge because "Snap knew Croghan was working from home, Snap knew that Croghan used a cell phone for business purposes and was required to do so[,] and Snap knew it did not reimburse Croghan." Opp'n at 17. Croghan states that "Snap also knew that sales incentives, such a pizza parties for sports teams Snap was fundraising for, were being paid for by Croghan but they did not reimburse him for these sales incentives." *Id.*

However, Croghan's factual assertions in response appear only in the opposition and not in the FAA, and therefore these assertions do not save the deficiencies in the FAA. *See, e.g.*, *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (emphasis in original) (citation omitted)). Accordingly, the Court GRANTS Snap's motion to dismiss Croghan's first counterclaim. Because granting Croghan an additional opportunity to amend would not be futile, cause undue delay, or unduly prejudice Snap, and because Croghan has not acted in bad faith, the Court grants Croghan leave to amend to cure this and any other deficiencies in his first counterclaim. *See Leadsinger, Inc.*, 512 F.3d at 532; *see also Broam*, 320 F.3d at 1026 n.2 ("Facts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without

United States District Court
Northern District of California

prejudice.").

### 2. Counterclaims #2 and #3: Missed Meal and Rest Periods

Croghan's second and third counterclaims assert a right to recover for violations of California Labor Code §§ 226.7 and 512. FAA at 32–33. California law requires employers to provide meal periods and to authorize and permit their employees to take rest breaks. Specifically, California Labor Code § 512 provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes." Section 226.7 provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period." Cal. Lab. Code § 226.7.

Snap argues that Croghan's meal and rest period allegations are insufficient because the FAA never alleges that Snap controlled Croghan's daily work hours. Mot. at 14. Snap argues this is problematic because the pleadings make clear that Croghan was a salesman who traveled for work and worked out of his home, so "even if Croghan ended up working several hours in a row without a break, there is no allegation upon which Snap can plausibly be blamed for that schedule." *Id.* Snap also argues that "[t]he FAA never alleges that Snap told Croghan what time of day to be on the road, what time of day to meet a client, what time of day to sit at his desk at home, or whether he was allowed to pause between these activities." *Id.*

The Court agrees with Snap that Croghan's allegations are insufficient. Croghan's FAA is devoid of allegations that sufficiently allege that Snap knew or should have known what hours Croghan was working or when he was taking breaks. Further, as currently alleged, Croghan's second and third counterclaims fail to specify how exactly Croghan was subject to the control of Snap. Failure to allege what Snap knew or should have known as well as how Croghan was subject to the control of Snap, particularly where the pleadings suggest that Croghan was a salesman who traveled by car for work off-site from Snap, renders Croghan's second and third counterclaims insufficient. *See Brinker Restaurant Crop. v. Superior Court*, 53 Cal. 4th 1004, 1051–52 (2012) (explaining that for rest periods "[l]iability is contingent on proof [the employer]

knew or should have known off-the-clock work was occurring."); *Arredondo v. Delano Farms Co.*, 301 F.R.D. 493, 523 (E.D. Cal. 2014) ("[A]n employer is deemed to have suffered or permitted an employee to work if it knew or should have known that its employees were working off-the-clock." (citation and marks omitted)); *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 582 (2000) (explaining that "hours worked" is "the time during which an employee is *subject to the control of an employer*, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." (emphasis added)).

Accordingly, the Court GRANTS Snap's motion to dismiss Croghan's second and third counterclaims. However, because granting Croghan an additional opportunity to amend would not be futile, cause undue delay, or unduly prejudice Snap, and because Croghan has not acted in bad faith, the Court grants Croghan leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

### 3. Counterclaims #4 and #5: Failure to Pay Minimum Wage and Overtime

Croghan's fourth and fifth counterclaims assert a right to recover for violations of California Labor Code §§ 1182.11, 1182.12, 1197, and 510 because there were hours where Croghan worked and was not paid by Snap, and because Snap failed to pay overtime. FAA at 34–35. Snap argues that Croghan's allegations supporting his fourth and fifth counterclaims are insufficient because they present only generalized allegations of violations of minimum wage and overtime laws. Mot. at 15. The Court agrees.

Both parties cite to *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014). *See* Mot. at 15; Opp'n at 20–21. In that case, the employee-plaintiffs alleged that:

> [T]he named plaintiff ... [was] entitled to a minimum wage and an overtime hourly wage of time and one-half [his] regular hourly wage for all hours worked in excess of forty hours per week, the named plaintiff ... worked more than 40 hours per week for the defendants, and the defendants willfully failed to make said overtime and/or minimum wage payments.

771 F.3d at 646. The Ninth Circuit found this insufficient to allege minimum wage and overtime claims. *Id.* The Ninth Circuit explained that "[a]lthough plaintiffs in these types of cases cannot be expected to allege 'with mathematical precision,' the amount of overtime compensation owed by

25

the employer, they should be able to allege facts demonstrating that there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Id.* The Ninth Circuit explained that the *Landers* plaintiff's "allegations failed to provide 'sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week.'" *Id.* (citing *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,* 723 F.3d 192, 201 (2d Cir. 2013)).

Here, Croghan's allegations suffer from the same deficiencies that the Ninth Circuit discussed in *Landers* in that Croghan's allegations do not allege facts demonstrating that there was at least one workweek in which Croghan worked in excess of forty hours and was not paid overtime wages. Moreover, Croghan references the Sales Representative Agreement in his opposition to assert that there is an inference that he worked more than forty hours because the Agreement contemplated that possibility; however, none of those details are specifically alleged in his FAA. Accordingly, the Court GRANTS Snap's motion to dismiss Croghan's fourth and fifth counterclaims. However, because granting Croghan an additional opportunity to amend would not be futile, cause undue delay, or unduly prejudice Snap, and because Croghan has not acted in bad faith, the Court grants Croghan leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

### 4. Counterclaim #8: Compensation Upon Termination

Croghan's eighth counterclaim asserts a right to recover for violations of California Labor Code §§ 201–03. FAA at 36–37. California Labor Code § 201 provides that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Section 202 provides that "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter." Section 203 provides that if an employer willfully fails to pay compensation upon discharge, as required by § 201 or § 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to 30 work days.

Snap argues that Croghan's eighth claim is insufficient because it is derivative and

Case No. 18-CV-04686-LHK
ORDER GRANTING IN PART WITH PREJUDICE, GRANTING IN PART WITHOUT PREJUDICE, AND DENYING IN PART MOTION TO STRIKE; GRANTING WITHOUT PREJUDICE MOTION TO DISMISS

dependent on Croghan's second, third, fourth, and fifth counterclaims. Mot. at 15–16; Reply at 11–12. Croghan admits that his eighth counterclaim is derivative of his other claims. S*ee* Opp'n at 22–23 ("This claim is wholly derivative of Croghan's underlying substantive wage and hour claims (meal periods, rest break, unpaid minimum wages and unpaid overtime) . . . . If the Court finds these causes of action sufficiently pled, this derivative claim for waiting time penalties also survives.").

   Because the Court found Croghan's second, third, fourth, and fifth counterclaims insufficient, and because Croghan admits that his eighth counterclaim is derivative of these claims, the Court GRANTS Snap's motion to dismiss Croghan's eighth counterclaim. However, because granting Croghan an additional opportunity to amend would not be futile, cause undue delay, or unduly prejudice Snap, and because Croghan has not acted in bad faith, the Court grants Croghan leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

   **5. Counterclaim #9: CFRA and FMLA**

   Croghan's ninth counterclaim asserts violations of the California Family Rights Act ("CFRA"), California Government Code § 12945.2, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601. FAA 37–38. In order to state a claim for violation of CFRA, Croghan must allege that: "(1) [Snap] was an employer covered by CFRA; (2) [Croghan] was an employee eligible to take CFRA leave; (3) [Croghan] exercised [his] right to take leave for a qualifying CFRA purpose; and (4) [Croghan] suffered an adverse employment action, such as termination, fine, or suspension, because of [his] exercise of [his] right to CFRA leave." *Dudley v. Dep't of Transp.*, 90 Cal. App. 4th 255, 261 (2001). Similarly, in order to state a claim for violation of FMLA, [Croghan] must allege that: "(1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave,  and (5) his employer denied him FMLA benefits to which he was entitled." *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011).

   Snap argues that Croghan's ninth counterclaim is deficient because (1) Croghan fails to

United States District Court
Northern District of California

allege that Snap employed fifty persons or that the fifty persons worked within 75 miles of Croghan and (2) because Croghan fails to assert that he requested leave or that his request was denied. Mot. at 16–18.[4] The Court agrees. The Court examines both of Snap's arguments below.

First, under FMLA, a person is not an "eligible employee" if the employee is "employed at a worksite at which such employer employees less than 50 employees if the total number of employees employed by the employer within 75 miles of that worksite is less than 50." 29 U.S.C. § 2611(2)(B); *see Larson v. United Natural Foods W. Inc.*, 518 F. App'x 589, 590 (9th Cir. 2013) ("The FMLA specifically excludes from its coverage an employee at a worksite where the employer has fewer than 50 employees within 75 miles of that location."). Under the CFRA, an employee is not eligible if the "employer employs less than 50 employees within 75 miles of the worksite where that employee is employed." Calif. Gov. Code § 12945.2(b).

Here, Croghan makes only a conclusory allegation that he "is informed and believes that [Snap] is a covered employer, as that term is defined in 29 U.S.C. § 2601, e*t seq.* and California Government Code § 12945.2." FAA at 37 ¶ 97. This conclusory allegation fails the *Twombly/Iqbal* standard because it does not allege that Snap employed fifty people or that the fifty people worked within 75 miles of Croghan. Croghan's main argument in opposition is that he does not have personal information about Snap's payroll or the number of employees within 75 miles of the location from which Croghan received his work. Opp'n at 23–24 ("Croghan has pled as much information as he has at the present time."). Croghan's lack of personal information does not save him from his pleading deficiencies. Croghan does not need to know the exact numbers and locations of Snap's employees, but at the very least Croghan must allege a claim sufficient to withstand a motion to dismiss based on information and belief. *See, e.g.*, *United States ex rel. Vatan v. QTC Med. Servs. Inc.*, 721 F. App'x 662, 664 (9th Cir. 2018) (explaining that plaintiff is not prevented "from asserting a claim, based on information and believe sufficient to withstand a

---

[4] Snap further suggests that "the [C]ourt should also strike the numerous references to Mr. Croghan's child because those events have no possible bearing on this dispute." Mot. at 18. The Court disagrees and DENIES Snap's request to strike.

motion to dismiss"). Because Croghan has failed to sufficiently allege that Snap is a covered employer, the Court finds that Croghan's ninth claim should be dismissed on this ground.

Second, the Court agrees that Croghan has failed to sufficiently plead notice. "Both the CFRA and the FMLA require the employee to provide notice to the employer of the employee's intent to take leave." *Alejandro v. St. Micro Electronics, Inc*, 129 F. Supp. 3d 898, 913 (N.D. Cal. 2015) (citing *McDaneld v. E. Mun. Water Dist. Bd.*, 109 Cal. App. 4th 702, 706 (2003)). To constitute notice under FMLA, "the critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition." *Mora v. Chem–Tronics, Inc.*, 16 F.Supp.2d 1192, 1209 (S.D.Cal.1998) (alterations omitted) (quoting *Manuel v. Westlake Polymers Corp.*, 66 F.3d 758, 764 (5th Cir.1995)). The FMLA "does not require an employee to invoke the language of the statute to gain its protections when notifying her employer of her need for leave for a serious health condition." *Manuel*, 66 F.3d at 764. "[F]or employees who make their employers aware that they or a family member suffers from a chronic illness, and subsequently call in sick because of that illness, a generalized notice may suffice." *Mora*, 16 F. Supp. 2d at 1210. Similarly, under CFRA, "[t]he employee need not expressly assert rights under CFRA or FMLA, or even mention CFRA or FMLA, to meet the notice requirement; however, the employee must state the reason the leave is needed . . . . The employer should inquire further of the employee if it is necessary to have more information about whether CFRA leave is being sought by the employee and obtain the necessary details of the leave to be taken." *Avila v. Continental Airlines, Inc.*, 165 Cal. App. 4th 1237 1256 (2008). The employer must be on notice that the employee is requesting leave for a "serious health condition that makes the employee unable to perform the functions of the position of that employee." *Gibbs v. Am. Airlines, Inc.*, 74 Cal. App. 4th 1, 7 (1999).

Here, Croghan's FAA lacks any allegations that Croghan provided notice to his employer by alleging, for example, that he notified Snap of his need to take a leave of absence because of his daughter's birth and hospitalization. Even if the Court were to accept Croghan's position that it

29

ORDER GRANTING IN PART WITH PREJUDICE, GRANTING IN PART WITHOUT PREJUDICE, AND DENYING IN PART MOTION TO STRIKE; GRANTING WITHOUT PREJUDICE MOTION TO DISMISS

is enough for Croghan to have alleged constructive notice of Croghan's need for leave, Croghan has only provided one conclusory allegation that "[u]pon information and belief [Snap] was aware of [Croghan's] need for a leave of absence." FAA at 38 ¶ 100. Croghan provides no factual allegations supporting this conclusory statement that Snap had constructive notice. Therefore, Croghan's counterclaim fails under *Twombly/Iqbal*.

Accordingly, the Court GRANTS Snap's motion to dismiss Croghan's ninth counterclaim. However, because granting Croghan an additional opportunity to amend would not be futile, cause undue delay, or unduly prejudice Snap, and because Croghan has not acted in bad faith, the Court grants Croghan leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

### 6. Counterclaim #10: UCL

Croghan's tenth counterclaim is for unfair business practices in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq. See* FAA at 38–40. The UCL creates a cause of action for business practices that are (1) unlawful, (2) unfair, or (3) fraudulent. Each "prong" of the UCL provides a separate and distinct theory of liability. *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007). Croghan's opposition makes clear that he is only asserting a claim under the "unlawful" prong.[5] Opp'n at 24–25. The unlawful prong the UCL prohibits "anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999).

Snap moves to dismiss Croghan's tenth counterclaim on the basis that is it derivative of the other labor code violation claims. Mot. at 19–21. Croghan admits that his UCL claim is derivative of his labor code violation claims. *See* Opp'n at 24–25. Therefore, because Croghan's UCL claim is derivative of the other claims in the FAA that the Court dismisses in this Order, the derivative UCL claim must also be dismissed. *See Avila v. Bank of Am.*, No. 17-cv-222-HSG, 2017 WL

---

[5] Because Croghan clarifies that his UCL claim is based only on the unlawful prong, the Court GRANTS Snap's motion to dismiss Croghan's UCL claim to the extent it is based on the unfair and fraudulent prongs.

Case No. 18-CV-04686-LHK
ORDER GRANTING IN PART WITH PREJUDICE, GRANTING IN PART WITHOUT PREJUDICE, AND DENYING IN PART MOTION TO STRIKE; GRANTING WITHOUT PREJUDICE MOTION TO DISMISS

4168534, at *5 (N.D. Cal. Sept. 20, 2017) (dismissing UCL claim to the extent it is derivative of other claim dismissed in same order). Accordingly, Snap's motion is GRANTED. However, because granting Croghan an additional opportunity to amend would not be futile, cause undue delay, or unduly prejudice Snap, and because Croghan has not acted in bad faith, the Court grants Croghan leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART with prejudice, GRANTS IN PART without prejudice, and DENIES IN PART Snap's motion to strike. Specifically, the Court rules as follows:

- The motion to strike the general denial is DENIED;
- The motion to strike the burden assertion is GRANTED with leave to amend;
- The motion to strike the first affirmative defense is GRANTED with leave to amend;
- The motion to strike the second affirmative defense is DENIED;
- The motion to strike the third affirmative defense is GRANTED in part with leave to amend and DENIED in part;
- The motion to strike the fourth affirmative defense is DENIED;
- The motion to strike the fifth affirmative defense is DENIED;
- The motion to strike the sixth affirmative defense is DENIED;
- The motion to strike the seventh affirmative defense is DENIED;
- The motion to strike the eighth affirmative defense is GRANTED in part with leave to amend and DENIED in part;
- The motion to strike the ninth affirmative defense is GRANTED in part with leave to amend and DENIED in part;
- The motion to strike the tenth affirmative defense is DENIED;
- The motion to strike the eleventh affirmative defense is DENIED;
- The motion to strike the twelfth affirmative defense is DENIED;
- The motion to strike the thirteenth affirmative defense is DENIED;
- The motion to strike the fifteenth affirmative defense is DENIED;
- The motion to strike the sixteenth affirmative defense is GRANTED with prejudice.

The Court also GRANTS without prejudice Snap's motion to dismiss Croghan's first, second, third, fourth, fifth, eighth, ninth, and tenth counterclaims.

If Croghan elects to file a second amended answer, Croghan must do so within 30 days of this Order. If Croghan fails to file a second amended answer within 30 days or fails to cure the

31

deficiencies identified in this Order, the deficient affirmative defenses will be stricken with

prejudice, and the deficient counterclaims will be dismissed with prejudice. Croghan may not add

new causes of action or new parties without stipulation or leave of the Court.

**IT IS SO ORDERED.**


Dated: February 22, 2019

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

Case No. 18-CV-04686-LHK
ORDER GRANTING IN PART WITH PREJUDICE, GRANTING IN PART WITHOUT PREJUDICE, AND
DENYING IN PART MOTION TO STRIKE; GRANTING WITHOUT PREJUDICE MOTION TO DISMISS