UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SNAP! MOBILE, INC., <br><br> Plaintiff, <br><br> v. <br><br> PAUL CROGHAN, <br><br> Defendant. | Case No. 18-CV-04686-LHK <br><br> **ORDER DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED ANSWER AND COUNTERCLAIM** <br><br> Re: Dkt. No. 51 |

Before the Court is Defendant and Counterclaimant Paul Croghan's ("Croghan") motion for leave to file his proposed Third Amended Answer and Counterclaim to Plaintiff and Counterdefendant Snap! Mobile, Inc.'s ("Snap") complaint. ECF No. 51 ("Mot."). Croghan seeks to add Snap's Chief Executive Officer and Co-Founder Cole Morgan as an individual Counterdefendant and to assert a counterclaim for penalties under the California Private Attorneys General Act of 2004 ("PAGA"). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court DENIES Croghan's motion for leave to file his proposed Third Amended Answer and Counterclaim.

## I. BACKGROUND

### A. Factual Background

1

Case No. 18-CV-04686-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED ANSWER AND COUNTERCLAIM

Snap is a Delaware corporation with its principal place of business in Seattle, Washington. ECF No. 1 ("Compl.") ¶ 1. Snap developed an online donation platform to assist sports teams, coaches, and teachers to raise money through online donation campaigns. *Id.* ¶ 7. Snap makes its online donation platform available to teams, coaches, and teachers through its employees, including Snap's sales representatives. *Id.* ¶ 12.

Snap's complaint focuses on Snap's relationship with Defendant Croghan, a Santa Cruz, California resident who worked for Snap as an independent contractor starting in May 2014, and as an employee starting in July 2017, when Croghan signed a Sales Representative Agreement. *Id.* ¶¶ 2, 14–16. In the Sales Representative Agreement, Croghan promised not to use, disclose, or otherwise misappropriate Snap's confidential, proprietary, or trade secret information. *Id.* ¶ 32. According to Snap, Croghan quit suddenly on June 1, 2018, and commenced a relationship with a Snap competitor that is attempting, with Croghan's assistance, to copy Snap's fundraising tools and approaches and to misappropriate Snap's trade secret information. *Id.* ¶¶ 30–57.

Croghan's allegations in the Second Amended Answer and Counterclaim focus on the alleged conduct of Snap in its capacity as Croghan's employer. For instance, Croghan alleges that Snap misclassified Croghan as an independent contractor and then unilaterally changed Croghan's status from an independent contractor to an employee on July 18, 2017. ECF No. 50 ("SAA") at 3, 30. Croghan further alleges that despite his change to employee status in 2017, Croghan continued to perform the same job duties he had performed as an independent contractor. *Id.* at 30. Croghan alleges that Snap exercised control over Croghan at all times, including during his tenure as an independent contractor. *Id.* at 28–29. Croghan alleges that he paid all of his own business expenses, was not provided compliant meal or rest periods, and was not paid minimum wages for all hours worked or overtime. *Id.* at 30–33. Croghan also alleges that Snap failed to record Croghan's hours worked, failed to provide him accurate wage statements, failed to maintain accurate payroll records, and failed to pay Croghan all compensation due at termination. *Id.*

**B. Procedural History**

After Croghan ended his employment with Snap on June 1, 2018, Snap initiated the instant

2

Case No. 18-CV-04686-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED ANSWER AND COUNTERCLAIM

action against Croghan on August 3, 2018. *See* Compl. Snap brought five claims against Croghan: (1) trade secret misappropriation pursuant to the Defend Trade Secrets Act; (2) trade secret misappropriation pursuant to the California Uniform Trade Secrets Act; (3) Breach of Contract; (4) Breach of Duty of Loyalty; and (5) violation of California Penal Code § 502. Compl. ¶¶ 58–98.

On August 24, 2018, Croghan requested copies of Croghan's personnel records from Snap pursuant to California Labor Code §§ 226 & 1198.5. ECF No. 51-1 ("Healy Decl.") ¶ 3.

### 1. Croghan's August 28, 2018 Answer and Counterclaim

On August 28, 2018, Croghan filed his Answer and Counterclaim. ECF No. 15. In his Answer and Counterclaim, Croghan asserted 29 affirmative defenses and ten counterclaims. Croghan's ten counterclaims were: (1) violation of California Labor Code § 2802 ("Unreimbursed Business Expenses"); (2) violation of California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 4 ("Missed Meal Period"); (3) violation of California Labor Code §§ 226.7, and IWC Wage Order No. 4 ("Missed Rest Period"); (4) violation of California Labor Code §§ 1182.11, 1182.12, and 1197, and IWC Wage Order No. 4 ("Failure to Pay Minimum Wage"); (5) violation of California Labor Code § 510, and IWC Wage Order No. 4 ("Failure to Pay Overtime"); (6) violation of California Labor Code § 226, and IWC Wage Order No. 4 ("Employee Itemized Wage Statement"); (7) violation of California Labor Code § 1174, and IWC Wage Order No. 4 ("Payroll Records"); (8) violation of California Labor Code §§ 201–02 ("Compensation Upon Termination"); (9) violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, and the California Family Rights Act ("CFRA"), California Government Code § 12945.2; and (10) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*. *Id.* Croghan's wage and hour counterclaims were individual counterclaims based on Snap's labor practices that occurred primarily during the period in which Croghan was misclassified as an independent contractor. *Id.*

On August 29, 2018, pursuant to California Labor Code § 2699.3(a)(1), Croghan gave written PAGA notice of his counterclaims against Snap to the California Labor and Workforce Development Agency ("LWDA"). Healy Decl. ¶ 4; *id.*, Ex. A ("August 29, 2018 PAGA Notice").

3

1 Croghan requested that the LWDA regard the August 29, 2018 PAGA Notice as written notice of

2 his intent to seek civil penalties from Snap. Healy Decl. ¶ 4; August 29, 2018 PAGA Notice.

3 Specifically, Croghan's August 29, 2018 PAGA Notice alleged numerous violations of

4 California's wage and hour laws by Snap, including California Labor Code §§ 226, 226.7, 512,

5 1174, 1197, 1198, 1199 & 2802. *Id.*

On October 2, 2018, after meeting and conferring, the parties filed a stipulation for Croghan to amend his Answer and Counterclaim by October 12, 2018, ECF No. 25, which the Court granted, ECF No. 26.

### 2. Croghan's October 12, 2018 First Amended Answer and Counterclaim

On October 12, 2018, Croghan filed his First Amended Answer and Counterclaim. *See* ECF No. 27 ("FAA"). In his First Amended Answer and Counterclaim, Croghan asserted sixteen affirmative defenses and ten counterclaims. Croghan's ten counterclaims were: (1) Unreimbursed Business Expenses; (2) Missed Meal Period; (3) Missed Rest Period; (4) Failure to Pay Minimum Wage; (5) Failure to Pay Overtime; (6) Employee Itemized Wage Statement; (7) Payroll Records; (8) Compensation Upon Termination; (9) FMLA and CFRA; and (10) UCL. *See id.* Again, Croghan's wage and hour counterclaims were individual counterclaims based on Snap's labor practices that occurred primarily during the period in which Croghan was misclassified as an independent contractor. *Id.*

On October 29, 2018, Snap filed a motion to strike the affirmative defenses and to dismiss eight of the ten counterclaims set forth in Croghan's First Amended Answer and Counterclaim. *See* ECF No. 31. Croghan opposed on November 13, 2018. ECF No. 34. Snap replied on November 20, 2018. ECF No. 39.

On November 19, 2018, the Court held an initial case management conference and set the case schedule. ECF No. 38. In particular, the Court set May 6, 2019 as the deadline to amend the pleadings and add parties. *Id.*

On December 21, 2018, Croghan provided an amended written PAGA notice that added to his August 29, 2018 PAGA Notice the following: (1) Cole Morgan ("Morgan") as an individual

Counterdefendant; and (2) violations of additional labor laws, specifically California Labor Code §§ 201, 202 & 203 regarding waiting time penalties. Healy Decl. ¶ 7; *id.*, Ex. B ("December 21, 2018 PAGA Notice").

In explaining each Labor Code violation, the December 21, 2018 PAGA Notice states that the violations occurred throughout Croghan's entire employment with Snap, including when Croghan was misclassified as an independent contractor. For example, as to recordkeeping requirement violations (California Labor Code §§ 1174, 1197 & 1199), the December 21, 2018 PAGA Notice states "[a]t all relevant times, Employer has failed, and continues to fail, to keep the required time records. During the time in which the Complainant was misclassified as an independent contractor, and after he was converted to an employee of Employer, Employer did not maintain records showing the actual hours worked each day by Complainant and similarly situated aggrieved employees." *Id.* at 3–4. Croghan's allegations as to Snap's other Labor Code violations similarly applies to Croghan's entire employment with Snap, including the time he was misclassified as an independent contractor and after he was converted to an employee. *See id.* at 4–8 (discussing failure to reimburse business expenses, meal period, rest period, minimum wage, overtime, and wage statement violations, as well as waiting time penalties).

On February 22, 2019, the Court granted in part with prejudice, granted in part without prejudice, and denied in part Snap's motion to strike, and granted without prejudice Snap's motion to dismiss Croghan's First Amended Answer and Counterclaim. ECF No. 45. In particular, the Court granted Croghan leave to amend by March 24, 2019, certain affirmative defenses as well as eight out of the ten counterclaims that Snap had moved to dismiss. *Id.*

The LWDA had 65 days from the date of Croghan's December 21, 2018 PAGA Notice to issue a decision to investigate. That 65-day period expired on February 25, 2019, and the LWDA did not issue a decision to investigate. Healy Decl. ¶ 8.

Sixteen days later, on March 13, 2019, the parties met and conferred with respect to Croghan filing the instant proposed Third Amended Answer and Counterclaim, which would add Morgan as an individual Counterdefendant and assert a counterclaim for penalties under the

5
Case No. 18-CV-04686-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED ANSWER AND COUNTERCLAIM

PAGA. Healy Decl. ¶ 9; *id.*, Ex. C ("March 13, 2019 Letter"). Snap's counsel did not stipulate to filing a Third Amended Answer and Counterclaim.

### 3. Croghan's March 22, 2019 Second Amended Answer and Counterclaim

On March 22, 2019, in response to the Court's order dismissing certain affirmative defenses and counterclaims in the First Amended Answer and Counterclaim with leave to amend, Croghan filed his Second Amended Answer and Counterclaim. *See* SAA. In his Second Amended Answer and Counterclaim, Croghan asserted fifteen affirmative defenses and nine counterclaims. Croghan's nine counterclaims are: (1) Unreimbursed Business Expenses; (2) Missed Meal Period; (3) Missed Rest Period; (4) Failure to Pay Minimum Wage; (5) Failure to Pay Overtime; (6) Employee Itemized Wage Statement; (7) Payroll Records; (8) Compensation Upon Termination; and (9) UCL. *Id.* Again, Croghan's wage and hour counterclaims were individual counterclaims based on Snap's labor practices that occurred primarily during the period in which Croghan was misclassified as an independent contractor. *Id.*

On April 12, 2019, Snap filed its motion to dismiss Croghan's Second Amended Answer and Counterclaim. ECF No. 59. Croghan opposed on April 26, 2019. ECF No. 61. Snap replied on May 3, 2019. ECF No. 62. That motion is currently pending.

### 4. Croghan's March 25, 2019 Proposed Third Amended Answer and Counterclaim

In the meantime, on March 25, 2019, Croghan filed the instant motion for leave to file his proposed Third Amended Answer and Counterclaim. *See* Mot. Croghan seeks leave to file his proposed Third Amended Answer and Counterclaim to add Morgan as an individual Counterdefendant and to assert a counterclaim for penalties under the PAGA. *See id.*; Healy Decl., Ex. D ("proposed Third Amended Answer and Counterclaim").

Croghan also reasserted in his proposed Third Amended Answer and Counterclaim all his wage and hour counterclaims, which are individual counterclaims based on Snap's labor practices that occurred primarily during the period in which Croghan was misclassified as an independent contractor, including: (1) Unreimbursed Business Expenses; (2) Missed Meal Period; (3) Missed Rest Period; (4) Failure to Pay Minimum Wage; (5) Failure to Pay Overtime; (6) Employee

Itemized Wage Statement; (7) Payroll Records; (8) Compensation Upon Termination; and (9) UCL. *See* Healy Decl., Ex. D.

On April 8, 2019, Snap filed its opposition to Croghan's instant motion for leave to file his proposed Third Amended Answer and Counterclaim. ECF No. 58 ("Opp'n"). On April 15, 2019, Croghan filed his reply. ECF No. 60 ("Reply").

## II. LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires," bearing in mind "the underlying purpose of Rule 15 ...[is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("*Foman* factors"); *see also Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (Leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith). Of these considerations, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original). Nevertheless, a proposed amendment may be denied as futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Ordinarily, however, "courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). The non-moving party bears the burden of showing why leave to amend should not be granted.

*Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989).

## III. DISCUSSION

In the instant motion, Croghan seeks to add Cole Morgan, Snap's Chief Executive Officer and Co-Founder, as an individual Counterdefendant and to assert a counterclaim for penalties under the California Private Attorneys General Act of 2004 ("PAGA"). Mot. at 1. Snap argues that Croghan's motion for leave to file his proposed Third Amended Answer and Counterclaim should be denied because: (1) Croghan's motion is untimely; and (2) Croghan's proposed amendment is futile. *See* Opp'n. The Court notes first that Croghan's motion is timely because it was filed on March 25, 2019, before the May 6, 2019 deadline to amend the pleadings. Below the Court addresses futility as well as whether further leave to amend would be unduly prejudicial or cause undue delay. *Leadsinger, Inc.*, 512 F.3d at 532.

### A. Futility

Snap raises several arguments regarding futility, including that Croghan's proposed Third Amended Answer and Counterclaim, which seeks to add the proposed PAGA counterclaim, is futile because (1) Croghan does not have standing to bring his proposed PAGA counterclaim; and (2) the proposed PAGA counterclaim is barred by the statute of limitations. *See* Opp'n at 9–11.

In his reply brief in support of the instant motion, Croghan effectively concedes his proposed PAGA counterclaim is futile and requests permission to file yet another amended answer and counterclaim. Reply at 7–9, 11–12.

Below the Court first discusses why Croghan's proposed Third Amended Answer and Counterclaim is futile. Second, the Court discusses why Croghan's proposed changes to correct his proposed Third Amended Answer and Counterclaim are also futile.

#### 1. The Proposed Third Amended Answer and Counterclaim is Futile

Below the Court addresses standing then the statute of limitations. As to standing, the Court agrees with Snap that Croghan does not have standing to bring his proposed PAGA counterclaim because Croghan is not an "aggrieved employee" under his own definition in his proposed Third Amended Answer and Counterclaim.

8

Case No. 18-CV-04686-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED ANSWER AND COUNTERCLAIM

PAGA allows an employee to bring a claim for violations by an employer on behalf of other aggrieved employees. Croghan's proposed Third Amended Answer and Counterclaim defines "aggrieved employees" as:

> All current and former employees of [Snap] in the State of California *who were classified as independent contractors* during the period of time from one year prior to the submission of Counterclaimant's letter to the LWDA on August 29, 2018.

ECF No. 51-1 at 122–69 ("TAA") ¶ 109.

As an initial matter, Croghan is not an "aggrieved employee" under Croghan's own definition in the proposed Third Amended Answer and Counterclaim. Croghan defines an "aggrieved employee" as someone who Snap classified as an independent contractor in California on or after August 29, 2017. TAA ¶ 109. However, Croghan alleges that he was no longer classified as an independent contractor as of July 18, 2017. *Id.* ¶ 33. Only an aggrieved employee has standing to sue under the PAGA. *Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court*, 46 Cal. 4th 993, 1005 (2009) ("[A] plaintiff has standing to bring an action under the Labor Code Private Attorneys General Act of 2004 only if the plaintiff is an 'aggrieved employee.'"); *Huff v. Securitas Sec. Servs. USA, Inc.*, 23 Cal. App. 5th 745, 752 (Ct. App. 2018), *reh'g denied* (June 13, 2018), *review denied* (Aug. 8, 2018) ("Under PAGA an 'aggrieved employee' can pursue penalties for Labor Code violations on behalf of other current and former employees, and the statute defines an aggrieved employee as someone who suffered 'one or more of the alleged violations' of the Labor Code for which penalties are sought."). Thus, Croghan does not have standing to bring the proposed PAGA counterclaim because Croghan does not fit his own definition of an aggrieved employee. Therefore, Croghan's proposed PAGA counterclaim is futile.

The Court also agrees with Snap that Croghan's proposed PAGA counterclaim is barred by the statute of limitations. Snap is correct that the PAGA counterclaim is subject to a one-year statute of limitations under California Code of Civil Procedure § 340(a). Mot. at 9–10. Indeed, Croghan concedes that the one-year statute of limitations applies to the PAGA counterclaim. Reply at 11.

Croghan's definition of "aggrieved employees" in his proposed PAGA counterclaim is

9

Case No. 18-CV-04686-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED ANSWER AND COUNTERCLAIM

based entirely on Snap's labor practices that occurred when Croghan was misclassified as an independent contractor. As discussed, Croghan's status as an independent contractor ended on July 18, 2017. TAA ¶ 33.

In order to define the relevant statute of limitations, the Court must discuss Croghan's two PAGA Notices. Croghan's August 29, 2018 PAGA Notice alleged numerous violations of California's wage and hour laws by Snap, including California Labor Code §§ 226, 226.7, 512, 1174, 1197, 1198, 1199 & 2802. *See* August 29, 2018 PAGA Notice.

Croghan's December 21, 2018 PAGA Notice added Cole Morgan, Snap's Chief Executive Officer and Co-Founder, as an individual Counterdefendant and alleged the violation of additional labor laws, specifically California Labor Code §§ 201, 202 & 203 regarding waiting time penalties. December 21, 2018 PAGA Notice.

Croghan's proposed Third Amended Answer and Counterclaim proposes adding a PAGA counterclaim against Snap and Morgan for violations of California Labor Code §§ 201, 202, 203, 226, 226.7, 512, 1174, 1197, 1198, 1199 & 2802. TAA ¶¶ 109–116. The proposed Third Amended Answer and Counterclaim relies upon Croghan's December 21, 2018 PAGA Notice because it includes Morgan as an individual Counterdefendant and includes violations of California Labor Code §§ 201, 202 & 203 regarding waiting time penalties. December 21, 2018 PAGA Notice. Thus, Croghan is bound by the December 21, 2018 date on which he provided notice of all of his counterclaims against all Counterdefendants. Accordingly, the relevant date for statute of limitations purposes is one year prior to the submission of Croghan's December 21, 2018 PAGA Notice or December 21, 2017.

The date Croghan's status as an independent contractor ended, July 18, 2017, is more than 5 months before December 21, 2017. Thus, Croghan's proposed PAGA counterclaim is time barred because Croghan's proposed PAGA counterclaim is based entirely on Snap's labor practices that occurred when Croghan was misclassified as an independent contractor, which ended on July 18, 2017 when Croghan was converted to an employee.

Croghan's definition of "aggrieved employees" is further erroneous because it uses the

10

Case No. 18-CV-04686-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED ANSWER AND COUNTERCLAIM

August 29, 2018 PAGA Notice to define the relevant statute of limitations. However, even if the relevant date for statute of limitations purposes was August 29, 2017, one year before Croghan's August 29, 2018 PAGA Notice, Croghan's proposed PAGA counterclaim would still be time barred. Croghan's status as an independent contractor ended on July 18, 2017, which is more than a month before August 29, 2017. Therefore, Croghan's definition of "aggrieved employees" in the proposed Third Amended Answer and Counterclaim is time barred on yet another ground. TAA ¶ 109. Thus, Croghan's proposed PAGA counterclaim is barred by the statute of limitations and thus is futile.

In his reply brief in support of the instant motion, Croghan effectively concedes his proposed PAGA counterclaim is futile and requests permission to file yet another amended answer and counterclaim. Reply at 7–9, 11–12. The Court discusses this further in the next section.

In sum, because Croghan lacks standing to assert his proposed PAGA counterclaim and because the proposed PAGA counterclaim is time barred on many grounds, the Court finds that Croghan's proposed Third Amended Answer and Counterclaim is futile. *See Leadsinger*, 512 F.3d at 532.

### 2. Croghan's Fifth Version of His Answer and Counterclaim is Also Futile

Croghan's proposed Third Amended Answer and Counterclaim is Croghan's fourth answer and counterclaim in the instant case and is futile. As stated above, in Croghan's reply in support of the instant motion, Croghan effectively requests permission to file a fifth version of his answer and counterclaim with a new definition of "aggrieved employees" and amended allegations that strike time barred language. *See* Reply at 11–12.

As for his definition of "aggrieved employees," Croghan has two proposals. First, Croghan proposes to strike "independent contractor" from his definition of "aggrieved employees" in the proposed Third Amended Answer and Counterclaim. Reply at 11–12. Second, Croghan proposes to use the definition of "aggrieved employees" in his December 21, 2018 PAGA Notice. *Id.* at 7–9. Both proposals are futile.

First, even if Croghan struck "independent contractor" from his definition of "aggrieved

11
Case No. 18-CV-04686-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED ANSWER AND COUNTERCLAIM

employees," Croghan's fifth version of his answer and counterclaim would still be futile. Striking "independent contractor" would not eliminate Croghan's time barred PAGA counterclaim from July 18, 2017, when he was converted to an employee, to December 21, 2017, one year before the December 21, 2018 PAGA Notice.

Second, the definition of "aggrieved employees" in Croghan's December 21, 2018 PAGA Notice is also overly broad because it contains time barred counterclaims. For instance, the December 21, 2018 PAGA Notice states that: "*[d]uring the time in which the Complainant was misclassified as an independent contractor, and after he was converted to an employee of Employer*, Employer did not maintain records showing the actual hours worked each day by Complainant and similarly situated aggrieved employees." December 21, 2018 PAGA Notice at 3–4 (emphasis added). Croghan's definition of "aggrieved employees" in his December 21, 2018 PAGA Notice based on Snap's labor practices during the period in which Croghan was misclassified as an independent contractor is time barred. Croghan's definition of "aggrieved employees" in his December 21, 20118 PAGA Notice is also time barred to the extent it is based on Snap's labor practices after Croghan was converted from an independent contractor to an employee, on July 18, 2017, because those labor practices occurred before the relevant December 21, 2017 date.

Moreover, Croghan concedes that there are twelve paragraphs in his proposed Third Amended Answer and Counterclaim that base the proposed PAGA counterclaim on Snap's labor practices that occurred during the period in which Croghan was misclassified as an independent contractor. Thus, Croghan offers to strike Croghan's independent contractor misclassification from these twelve paragraphs. Reply at 11–12; TAA ¶¶ 39–42, 44–48, 49, 56, 99, 109. For example, the proposed Third Amended Answer and Counterclaim states:

(1) "As a result of Counter-Defendant's misclassifying Counterclaimant as an independent contractor" in Paragraphs 39–42;

(2) "As a result of Counter-Defendant misclassifying Counterclaimant as an independent contractor" in Paragraphs 44–48;

12
Case No. 18-CV-04686-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED ANSWER AND COUNTERCLAIM

(3) "By misclassifying Counterclaimant as an independent contractor" in Paragraph 49;

(4) "By misclassifying Counterclaimant as an independent contractor, and further" in Paragraph 56; and

(5) "classified Counterclaimant as an independent contractor and has thereby" in Paragraph 99.

*See* Reply at 11–12; TAA ¶¶ 39–42, 44–48, 49, 56, 99, 109. However, these twelve paragraphs are in the general allegations of Croghan's proposed Third Amended Answer and Counterclaim and support not only Croghan's proposed PAGA counterclaim, but also Croghan's individual wage and hour counterclaims. Striking such allegations after Croghan has included these allegations in his August 28, 2018 Answer and Counterclaim, his October 12, 2018 First Amended Answer and Counterclaim, and his March 22, 2019 Second Amended Answer and Counterclaim would be prejudicial to Snap, which has developed its discovery requests and responses, case strategy, and motions based on Croghan's repeated assertion of these allegations.

Thus, even Croghan's fifth version of his answer and counterclaim is futile because it includes time barred claims. *See Leadsinger*, 512 F.3d at 532. In the next section, the Court discusses why granting Croghan leave to amend would be further unduly prejudicial and cause undue delay.

**B. Unduly Prejudicial and Undue Delay**

As stated above, Croghan's proposed Third Amended Answer and Counterclaim is Croghan's fourth answer and counterclaim in the instant case and is futile. In his reply in support of the instant motion, Croghan proposes two different definitions of "aggrieved employees"; these proposals are effectively Croghan's fifth version of his answer and counterclaim and are futile. Granting Croghan leave to effectively file a sixth answer and counterclaim to further correct the deficiencies in the fifth version of his answer and counterclaim would be unduly prejudicial and cause undue delay. *Leadsinger*, 512 F.3d at 532.

This case started nearly a year ago, on August 3, 2018, when Snap filed its complaint.

13
Case No. 18-CV-04686-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED ANSWER AND COUNTERCLAIM

According to Snap, Croghan quit suddenly on June 1, 2018, and commenced a relationship with a Snap competitor that is attempting, with Croghan's assistance, to copy Snap's fundraising tools and approaches and to misappropriate Snap's trade secret information. Compl. ¶¶ 30–57. Snap is deserving of a "just, speedy, and inexpensive determination" of its case. *See* Fed. R. Civ. P. 1. Granting leave for Croghan to file yet a sixth answer and counterclaim so that Croghan can alter his individual wage and hour counterclaims and bring a PAGA counterclaim on behalf of all former and current Snap employees threatens to deprive Snap of timely resolution of its trade secret misappropriation claims.

For a year, Croghan asserted wage and hour counterclaims that were individual counterclaims based on Snap's labor practices that occurred primarily during the period in which Croghan was misclassified as an independent contractor. Croghan has repeatedly filed answers and counterclaims based on this theory.

For example, Croghan filed his Answer and Counterclaim on August 28, 2018, and asserted wage and hour counterclaims that were individual counterclaims based on Snap's labor practices that occurred primarily during the period in which Croghan was misclassified as an independent contractor, including: (1) Unreimbursed Business Expenses; (2) Missed Meal Period; (3) Missed Rest Period; (4) Failure to Pay Minimum Wage; (5) Failure to Pay Overtime; (6) Employee Itemized Wage Statement; (7) Payroll Records; (8) Compensation Upon Termination; (9) FMLA and CFRA; and (10) UCL. ECF No. 15.

Croghan filed his First Amended Answer and Counterclaim on October 12, 2018, which again asserted wage and hour counterclaims that were individual counterclaims based on Snap's labor practices that occurred primarily during the period in which Croghan was misclassified as an independent contractor, including: (1) Unreimbursed Business Expenses; (2) Missed Meal Period; (3) Missed Rest Period; (4) Failure to Pay Minimum Wage; (5) Failure to Pay Overtime; (6) Employee Itemized Wage Statement; (7) Payroll Records; (8) Compensation Upon Termination; (9) FMLA and CFRA; and (10) UCL. *See* FAA.

Croghan filed his Second Amended Answer and Counterclaim on March 22, 2019, which

14
Case No. 18-CV-04686-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED ANSWER AND COUNTERCLAIM

again asserted wage and hour counterclaims that were individual counterclaims based on Snap's labor practices that occurred primarily during the period in which Croghan was misclassified as an independent contractor, including: (1) Unreimbursed Business Expenses; (2) Missed Meal Period; (3) Missed Rest Period; (4) Failure to Pay Minimum Wage; (5) Failure to Pay Overtime; (6) Employee Itemized Wage Statement; (7) Payroll Records; (8) Compensation Upon Termination; and (9) UCL. *See* SAA.

Fourth, Croghan filed the instant motion for leave to file his proposed Third Amended Answer and Counterclaim on March 25, 2019, which, as the Court discussed above, seeks to add a PAGA counterclaim that is time barred. *See* Mot. Croghan also reasserted in his proposed Third Amended Answer and Counterclaim all his wage and hour counterclaims, which are individual counterclaims based on Snap's labor practices that occurred primarily during the period in which Croghan was misclassified as an independent contractor, including: (1) Unreimbursed Business Expenses; (2) Missed Meal Period; (3) Missed Rest Period; (4) Failure to Pay Minimum Wage; (5) Failure to Pay Overtime; (6) Employee Itemized Wage Statement; (7) Payroll Records; (8) Compensation Upon Termination; and (9) UCL. *See* TAA. Thus, all four of Croghan's answers and counterclaims included wage and hour counterclaims and allegations about the independent contractor misclassification.

Moreover, this case has been subject to hard fought litigation. The history of motion practice regarding the pleadings in this case are as follows. On October 29, 2018, Snap filed a motion to strike the affirmative defenses and to dismiss eight of the ten counterclaims set forth in Croghan's First Amended Answer and Counterclaim. ECF No. 31. The Court granted in part with prejudice, granted in part without prejudice, and denied in part Snap's motion to strike, and granted without prejudice Snap's motion to dismiss all eight out of the ten counterclaims in Croghan's First Amended Answer and Counterclaim. ECF No. 45. On April 14, 2019, Snap filed a second motion to dismiss, this time seeking to dismiss the counterclaims in Croghan's Second Amended Answer and Counterclaim. ECF No. 59. This motion is fully briefed, and the Court will file its order shortly. Moreover, Snap had to brief the instant motion for leave to amend

15
Case No. 18-CV-04686-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED ANSWER AND COUNTERCLAIM

concerning Croghan's proposed Third Amended Answer and Counterclaim. Allowing Croghan to file a sixth answer and counterclaim when Croghan has yet to articulate an "aggrieved employees" definition that is not time barred would likely result in another motion to dismiss, which would significantly delay the case schedule. Fact discovery closes in nineteen days, on August 20, 2019. ECF No. 38. The Court would have to postpone the fact discovery deadline to give Croghan time to file a sixth version of his answer and counterclaim to add a PAGA counterclaim that is not time barred.

The Court would also have to give the parties time to take discovery on the PAGA counterclaim, which would likely be, in many aspects, new discovery because Croghan's wage and hour counterclaims in his August 28, 2018 Answer and Counterclaim, his October 12, 2018 First Amended Answer and Counterclaim, his March 22, 2019 Second Amended Answer and Counterclaim, and even his proposed Third Amended Answer and Counterclaim, were individual counterclaims based on labor practices that occurred primarily during the period in which Croghan was misclassified as an independent contractor. As previously discussed, Croghan's proposed PAGA counterclaim is timed barred. Any amended PAGA counterclaim would necessitate discovery *after* July 18, 2017, when Croghan was no longer misclassified as an independent contractor, and after the relevant December 21, 2017 date.

Dispositive motions are set to be filed on October 31, 2019, and the hearing on dispositive motions is set for December 19, 2019. ECF No. 38. The final pretrial conference is set for February 20, 2020, and the trial is set for March 16, 2020. *Id.*

In sum, granting Croghan leave to make a sixth attempt at an answer and counterclaim that Croghan has yet to articulate would be unduly prejudicial and cause undue delay. *Leadsinger*, 512 F.3d at 532. Croghan may consider bringing his PAGA counterclaim in a new lawsuit and seek to have it related, but not consolidated with, the instant case.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Croghan's motion for leave to file his proposed Third Amended Answer and Counterclaim to Plaintiff and Counterdefendant Snap's

16
Case No. 18-CV-04686-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED ANSWER AND COUNTERCLAIM

complaint.

**IT IS SO ORDERED.**

Dated: August 1, 2019

_____
LUCY H. KOH
United States District Judge